IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 | |
| Plaintiff | : | | |
| | : | Judge John E. Jones, III | |
| v. | : | | |
| | : | **Electronically Filed Document** | |
| **JOHN E. WETZEL,** | : | | |
| Defendant | : | *Complaint Filed 04/23/18* | |

### BRIEF IN OPPOSITION TO MOTION TO COMPEL

The Plaintiff has filed a Motion to Compel. Doc. 33. In response, the Defendant is providing information to the Plaintiff responsive to his Motion. For the reasons that follow, the Court should deny the Motion.

### FACTUAL AND PROCEDURAL HISTORY

This case proceeds via a Complaint filed on April 23, 2018. Doc 1. Briefly, the Plaintiff's Complaint alleges that his placement on the Restricted Release List ("RRL") violates his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* On November 1, 2018, the undersigned received in the mail a document entitled "Plaintiff's Motion to Compel," a copy of which is attached as Exhibit A. However, the motion, along with its attachments, was never filed on the docket, so the undersigned waited until

it was filed on the docket before responding.[1] On February 5, 2019, the Plaintiff filed a substantially-similar "Motion to Compel" on the docket, along with a Declaration and Brief in Support. Docs. 33-35. Specifically, the Plaintiff requests "all the relevant information that coincide[s] with [Plaintiff] subsequently being placed on the Restricted Release List[.]" Doc. 33, p. 2. The Defendant has gathered information relating to the Plaintiff's being placed on the RRL, which is attached to this Brief as Exhibit B.

## QUESTION PRESENTED

1. Should the Plaintiff's Motion to Compel be denied?

*Suggested Answer in the Affirmative.*

## ARGUMENT

The Plaintiff, through his Motion to Compel, is seeking "all the relevant information that coincide[s] with [Plaintiff] subsequently being placed on the Restrictive Release List[.]" Doc. 33, p. 2. "Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Jackson v. Beard,* 2014 WL 3868228, * 5 (M.D. Pa. Aug. 6, 2014) (citation and quotation marks omitted). "Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject

---

[1] The Plaintiff attached to his "Motion" a letter dated October 9, 2018 (Exhibit D), which purports to request discovery from the undersigned. However, the undersigned has no record of ever receiving such a letter.

matter of the action, or relates to confidential or privileged information." *Id.* (citations omitted).

In this case, the Plaintiff's Motion should be denied, as the Defendant has now turned over information relating to the Plaintiff's placement on the Restricted Release List that is not privileged or confidential, and that does not present a security risk.[2] *See* Exhibit B. From that information, given the Plaintiff's extensive violent and unsatisfactory adjustment to the correctional environment, it should be abundantly clear why the Plaintiff was placed on the Restricted Release List. Specifically, the Defendant directs the Court's attention to Misconduct A325351, which is dated November 19, 2015, and indicates that the Plaintiff assaulted an employee and was assigned *360 days* in disciplinary custody. *See* Exhibit B, p. 4. Therefore, the Plaintiff's motion to compel should be denied as moot, as the Defendant has turned over information relative to why the Plaintiff was placed on the RRL.

---

[2] To the extent the Plaintiff's vague request for discovery would be deemed to request confidential or privileged information, that request should be denied. *See, e.g., Mearin v. Folino,* 2012 WL 4378184, at * 4 (W.D. Pa. Sept. 24, 2012) (denying motion to compel as to vote sheets for security reasons); *Walker v. Regan,* 2019 WL 687884 (E.D. Pa. Feb. 15, 2019) (denying plaintiff's motion to compel confidential DOC policies and vote sheets); *Mercaldo v. Wetzel,* 2016 WL 5851958 (M.D. Pa. Oct. 6, 2016) (denying motion to compel as to information implicating security and other institutional concerns).

        **Respectfully submitted,**

        **JOSH SHAPIRO**
        **Attorney General**

    **By:**  *s/ Caleb C. Enerson*
         **CALEB CURTIS ENERSON**

**Office of Attorney General**    **Deputy Attorney General**
**15th Floor, Strawberry Square**  **Attorney ID 313832**
**Harrisburg, PA 17120**
**Phone: (717) 705-5774**    **KELI M. NEARY**
        **Chief Deputy Attorney General**
[cenerson@attorneygeneral.gov](mailto:cenerson@attorneygeneral.gov)  **Civil Litigation Section**

**Date:  March 25, 2019**    **Counsel for Defendant John Wetzel**

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 |
| Plaintiff | : | |
| | : | Judge John E. Jones, III |
| v. | : | |
| | : | Electronically Filed Document |
| **JOHN E. WETZEL,** | : | |
| Defendant | : | Complaint Filed 04/23/18 |

## **CERTIFICATE OF SERVICE**

I, Caleb Curtis Enerson, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 25, 2019, I caused to be served a true and correct copy of the foregoing document titled BRIEF IN OPPOSITION TO MOTION TO COMPEL to the following:

**VIA U.S. MAIL**

**Smart Communications/PA DOC**
**William Mayo, FZ-2947**
SCI Smithfield
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                        *s/ Caleb C. Enerson*
                                        **CALEB CURTIS ENERSON**
                                        Deputy Attorney General