In The United States District Court For The Middle District Of Pennsylvania

| | |
|---|---|
| William Mayo, <br>     Plaintiff, <br> v <br> John E. Wetzel, <br>     Defendants. | Civil Action NO. 1:18-CV-0878 <br><br> Hon. Judge John E. Jones III <br><br> Civil Rights Complaint |

RECEIVED Office of Attorney General NOV 01 2018 Civil Law Division 5559

## Plaintiff's Motion To Compel

Now comes Plaintiff, William Mayo pro se litigant, whom would like to motion this court nunc pro tunc pursuant to Rule 37(a) Fed.R.Civ.P. to compel Defendants' to disclose certain tangible parts of discovery, in which would provide Plaintiff the ability to be able to present a effective case.

## Brief History Of Relevant Facts

1. Plaintiff on September 14, 2018 filed a motion for entry of default judgment in regard to it being Plaintiff's position - at that time - that Defendants' failed to file a responsive pleading.

2. On October 1, 2018 the court denied Plaintiff's motion

(1 of 9)

for entry of default judgment in a order establishing that Defendants' has "filed an answer" (Id.), however failed to acknowledge the motivating factor that compelled Plaintiff to file the abovementioned motion.

3. Plaintiff would like to emphasize on the motivating factor, thusly because it being self-evident that despite Defendants' answer being on file, however Plaintiff didn't receive a copy, in which is a blatant violation to Rule 26(b)(1) Fed.R.Civ.P. which has subsequently place Plaintiff at a disadvantage.

4. On October 9, 2018 Plaintiff sent Defendants' a letter requesting a copy of the answer to Plaintiff's complaint along with several additional documents that would assist Plaintiff in his preparation [see: attachment (Exhibit b)].

## Conclusion

Wherefore, because of Defendants' clearcut violation to the appropriate Rule of the court, Plaintiff request if his motion to compel can be granted in Plaintiff's pursuit to be able to present a effective case.

(2)

*William Mayo*
Mr. William Mayo #FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike St
Huntingdon, Pa. 16652

Date: October 26, 2018

In The United States District Court For The Middle District Of Pennsylvania

William Mayo,
    Plaintiff,

v.

John E. Wetzel,
    Defendants.

Civil Action No. 1:18-CV-0878

Hon. Judge John E. Jones III

Civil Rights Complaint

Declaration In Support Of Plaintiff's Motion To Compel

    Declarant (hereinafter), William Mayo pro se litigant, declare under the penalty of perjury that the following is true and correct to the best of declarant's personal knowledge and belief:

    1. Upon receipt of the Court's October 1, 2018 order Plaintiff immediately sent Defendants' a correspondence inquiring if Defendants' can disclose a copy of the answer to Declarant's complaint that the Court within the foregoing order acknowledged has been filed (on behalf of Defendants') along with several other documents that Declarant deem tangible in regard to being able to adequately litigate this case.

(4)

2. Declarant solemnly swear, and that its his position, that Defendants' is displaying the abovementioned misconduct - as a ploy - to place Declarant at an disadvantage [see: attachment (Exhibit b) Id].

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*William Mayo*
Mr. William Mayo # FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike St
Huntingdon, Pa. 16652

Date: October 26, 2018

(5)

Exhibit D

Mr. William Mayo #FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike St
Huntingdon, Pa 16652

October 9, 2018

Mr. Caleb C. Enerson, Esq.
Office of Attorney General
15th Floor, Strawberry
Harrisburg, Pa 17120

Re: William Mayo v. John E. Wetzel, No. 1:18-CV-0878

To: Mr. Enerson, Esq.

   I'm writing you this brief notation in regard to a order from the court that I received (dated 10.1.18) denying my motion for entry of default granted you filed a answer, however you **never** sent me a copy, in which was the motivating factor that compelled me to file the above-mentioned motion, so I'm dropping you these few lines to request if you can and further disclose all the relevant information that coincide with me subsequently being placed on the Restricted Release List ("RRL") at your

(1 of 2)

earliest convenience pursuant to Rule 26(a)(1) Fed R Civ.P.

If you was so kind to honor my request I would like to utilize this opportunity to thank you in advance

*William Mayo*

cc: file

(2)

In The United States District Court For The Middle District Of Pennsylvania

| | |
|---|---|
| William Mayo, <br>     Plaintiff, <br>   v <br> John E. Wetzel, <br>     Defendants. | Civil Action NO. 1:18-CV-0878 <br><br> Hon. Judge John E. Jones III <br><br> Civil Rights Complaint |

Brief In Support Of Plaintiff's Motion To Compel

    Plaintiff, William Mayo pro se litigant, is a mentally impaired prisoner who've been confined in solitary (consecutively since November 19, 2015) whom is currently housed at SCI Smithfield, initiated this action on April 20, 2018 by filing a motion to proceed in forma pauperis, a civil rights complaint (along with necessary attachments in support thereof) that accompanied.

    Within the complaint, Plaintiff notified the court of the fact that despite Plaintiff being on the active mental health roster and take two (2) different psyche medications daily, however Plaintiff is being denied any type of therapeutic treatment and/or any type of mental health treatment at all, in which has compelled Plaintiff to display suicidal behavior, inter alia, all

(6)

predicated from Defendants' abuse of discretion in regard to placing Plaintiff on the Restricted Release List ("RRL") without any formal notice nor hearing (which would have created a opportunity for the Psyche Department to have advocated on Plaintiff's behalf) concerning long term solitary confinement being detrimental to Plaintiff's pre-existent mental health condition.

## Standard Of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving must demonstrate the relevance of the information sought to a particular claim or defense." Montanez v. Tritt, Civ. No. 14-1362, 2016 U.S. Dist. Lexis 69330, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper". Id (citing Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

## Primary Basis Of Plaintiff's Motion To Compel

(7)

To be able to have Defendants' disclose the necessary discovery disclosure so Plaintiff can be able to present a effective case, particularly because both the Eighth and Fourteenth amendment(s) to the United States Constitution stands at its cornerstone [see: Clark-Murphy v. Foreback, 439 F.3d 280, 292 (6th Cir. 2006)(holding that a prisoner's right to mental health care, not just physical medical care, is clearly established under the 8th amendment).]

## Conclusion

Wherefore, Plaintiff respectfully request if the court can grant his motion and compel Defendants' to disclose the abovementioned discovery disclosures at the court's earliest convenience.

William Mayo
Mr. William Mayo # FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike St
Huntingdon, Pa. 16652

Date: October 26, 2018

(8)

## Certificate Of Service

I hereby certify that I am depositing in the U.S. Mail a true and correct copy of the foregoing motion to compel upon the person(s) in the manner indicated below:

Service by first-class mail
address as follow

Mr. Caleb C. Enerson, Esq.
Office of Attorney General
15th Floor, Strawberry
Harrisburg, Pa. 17120

U.S. District Court
228 Walnut St
P.O. Box 983
Harrisburg, Pa. 17108

*William Mayo*
Mr. William Mayo # FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike St
Huntingdon, Pa. 16652

Date: October 26, 2018

(9)