IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MAYO, | : | 1:18-cv-0878 |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOHN E. WETZEL, | : | |
| Defendant. | : | |

## **ORDER**

**February 18, 2021**

      NOW THEREFORE, upon consideration of Defendant's motion (Doc. 64) for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) seeking to vacate the portion of the Court's Order (Doc. 64) denying Defendant's motion for summary judgment (Doc. 44) on the Fourteenth Amendment Due Process claim, and it appearing that Defendant fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (finding that a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct clear error of law or fact or to prevent manifest injustice), but, instead, simply disagrees with the Court's determination that there are issues of fact surrounding whether Mayo was provided adequate due process in the context

of his continued placement on the RRL list resulting in an extended period of solitary confinement, *see Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."); *see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), and it further appearing that Defendant improperly raises in his motion for reconsideration the defense of qualified immunity, which was not raised or argued in the original motion for summary judgment (Doc. 44) or supporting brief (Doc. 46), it is hereby ORDERED that Defendant's motion (Doc. 64) is DENIED. It is further ORDERED that Plaintiff's motion (Doc. 70) to strike is DENIED.

                                                               s/ John E. Jones III
                                                               John E. Jones III, Chief Judge
                                                               United States District Court
                                                               Middle District of Pennsylvania