IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MAYO, | : | No. 1:18-CV-0878 |
| **Plaintiff** : | | |
| | : | Chief Judge John E. Jones, III |
| v. | : | |
| | : | Electronically Filed Document |
| JOHN E. WETZEL, | : | |
| **Defendant** : | | Complaint Filed 04/23/18 |

## SUPPLEMENTAL BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

As this Court succinctly summarized, the gravamen of the Plaintiff's Complaint is that his extended time in solitary confinement—since November of 2015—has violated his constitutional rights. *See* Doc. 59, pp. 7-8 (citing Plaintiff's Complaint). However, the Plaintiff's conditions of confinement did not violate the Constitution, and even if they did, Defendant Wetzel is entitled to qualified immunity. Thus, Defendant Wetzel should be granted summary judgment in his favor on the Plaintiff's Eighth Amendment conditions of confinement claim.

## PROCEDURAL AND FACTUAL HISTORY

After being involved in an altercation with staff at SCI Greene in November of 2015, the Plaintiff was placed in solitary confinement and then subsequently transferred to SCI Fayette.[1] Plaintiff's Deposition (Doc. 45-1), pp. 12-13.[2] Due to

---

[1] The Plaintiff is currently incarcerated at SCI Phoenix.
[2] All page numbers refer to the ECF page number.

that misconduct, he was sentenced to one year of solitary confinement, and has received additional time in solitary confinement as punishment for additional misconducts. *Id.* at pp. 13-17.

The Plaintiff filed his Complaint against Defendant Wetzel in 2018 (Doc. 1). Following the close of discovery, the Defendant filed for summary judgment (Doc. 44), which this Court granted in part and denied in part. Doc. 59. The Defendant sought leave to file a second motion for summary judgment (Doc. 60), which this Court granted. Doc. 76. The Defendant has filed that second motion, which this brief supports.

## QUESTIONS PRESENTED

1. Is Defendant Wetzel entitled to summary judgment, as the Plaintiff's conditions of confinement did not violate the Eighth Amendment?

2. Even if the Plaintiff's conditions of confinement violated the Eighth Amendment, is Defendant Wetzel shielded by qualified immunity?

*Suggested Answer in the Affirmative as to Both Questions.*

## ARGUMENT

I. THE PLAINTIFF HAS NOT ESTABLISHED A CONDITIONS OF CONFINEMENT CLAIM.

An Eighth Amendment conditions of confinement claim contains both an objective and a subjective requirement. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective prong requires an inmate to demonstrate "that he is

incarcerated under conditions posing a substantial risk of serious harm." *Mammana v. Fed. Bureau of Prisons,* 934 F.3d 368, 373 (3d Cir. 2019) (citation omitted). "To meet the subjective component . . . [a plaintiff] must show that the Defendant[] [was] deliberately indifferent to those conditions by acting with a reckless disregard of a known risk of harm." *Johnson v. Wetzel,* 431 F. Supp. 3d 666, 677 (W.D. Pa. 2019) (citations omitted). Courts have recognized that solitary confinement "is not cruel and unusual punishment *per se,* as long as the conditions of confinement are not foul, inhuman or totally without penological justification," and "may be a necessary tool of prison discipline[.]" *Young v. Quinlan,* 960 F.2d 351, 364 (3d Cir. 1992), *superseded on other grounds by statute*, Prison Litigation Reform Act.

The Plaintiff fails to establish either prong of a conditions of confinement claim. As to the objective component, at the time of the filing of his Complaint, he had spent approximately two-and-a-half years in solitary confinement. Doc. 1, Introduction (explaining that Plaintiff had been in solitary confinement for 29 months).[3] Periods of time of four years in solitary confinement have been held to be constitutional. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1029 (3d Cir. 1988) (rejecting Eighth Amendment challenge of prison conditions for death row

---

[3] At the time of the filing of this brief, the Plaintiff has spent approximately 5½ years in solitary confinement.

inmates). While the Third Circuit, in an as-applied Eighth Amendment challenge, *Porter v. Pennsylvania Department of Corrections,* 974 F.3d 431 (3d Cir. 2020), held that extended time in solitary confinement may establish a constitutional violation, the prisoner in *Porter* had been in solitary confinement for *thirty-three* years—decades longer than the Plaintiff herein. *Id.* at 444. Thus, the Plaintiff's period in solitary confinement—29 months at the time of his Complaint or 5½ years at the time of the filing of this brief—is much closer to the period held to be constitutional in *Peterkin,* rather than the period found to be problematic in *Porter.*

Nor can the Plaintiff establish the subjective prong of his conditions of confinement claim. While Defendant does not, for purposes of this brief, dispute that there are risks associated with long-term solitary confinement, there are two factors weighing against finding the subjective prong to be met under these circumstances. *First,* as noted previously, the Plaintiff's period of solitary confinement is decades shorter than periods previously found to be problematic by the courts. *See, e.g., Porter, supra* (thirty-three years); *Johnson v. Wetzel,* 209 F. Supp. 3d 766 (M.D. Pa. 2016) (thirty-six years). *Second,* "In evaluating the subjective prong of the Eighth Amendment test, [courts] may also consider whether officials had a legitimate penological purpose behind their conduct." *Porter, supra,* at 446. In *Porter,* the Third Circuit noted that the "Defendants have not offered any evidence about the risk that Porter specifically poses, or any

4

individualized argument about Porter at all[,]" and also pointed out that he "ha[d] not had any disciplinary infractions during his lengthy incarceration." *Id.* at 446-47. By contrast, the Plaintiff here was placed in solitary confinement for assaulting a correctional officer, and has incurred several additional misconducts since that time. Doc. 45, ¶¶ 2-3. There is certainly a legitimate penological purpose in sanctioning an inmate who assaulted a correctional officer, and continuing to sanction him when he continues to engage in unacceptable behavior. *See, e.g.,* Doc. 42-2 (listing over one dozen misconducts committed by Plaintiff since initially being placed in solitary confinement, including assault, threatening staff, and possessing contraband). Thus, the Plaintiff has failed to meet his burden as to the subjective prong of his Eighth Amendment claim, and summary judgment should be entered in favor of Defendant Wetzel.

## II. ALTERNATIVELY, DEFENDANT WETZEL IS ENTITLED TO QUALIFIED IMMUNITY.

Even if this Court were to determine that the Plaintiff's constitutional rights were violated, Defendant Wetzel would be shielded from liability through qualified immunity. A plaintiff seeking to defeat a qualified immunity defense must establish (1) not only that a constitutional right was violated, but (2) that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citation omitted). "The contours of the right must be sufficiently clear that a reasonable official would understand

that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, (1987). Furthermore, the Supreme Court of the United States has "repeatedly told courts . . . not to define clearly established law at a high level of generality," but instead instructed them to consider "whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna,* 577 U.S. 7, 12 (2015) (citations and quotation marks omitted) (emphasis in original).

The Plaintiff cannot overcome the hurdle of qualified immunity. When he filed his Complaint in 2018, *Porter* had not yet been decided (it was decided in 2020). Thus, even assuming that *Porter* had created clearly established law, it could not serve as a basis to hold Defendant Wetzel liable for actions undertaken from 2015 (when the Plaintiff was initially placed in solitary confinement) to 2018, when the Plaintiff's Complaint was filed. However, it is far from clear that *Porter* would create clearly established law as to the Plaintiff's situation.

First, as previously indicated, *Porter* dealt with an inmate who had been in solitary confinement for over three decades. By contrast, when the Plaintiff's Complaint had been filed, he had not even been in solitary confinement for three years. The Third Circuit, in a recent decision, found that an inmate similarly situated to the inmate in *Porter* had stated an Eighth Amendment violation for his approximately two decades in solitary confinement on death row, but affirmed dismissal of his claim on qualified immunity grounds. *See Johnson v. Pennsylvania*

6

*Dep't of Corr.*, 2021 WL 567802 (3d Cir. Feb. 16, 2021). Thus, based on the period of time that the Plaintiff has spent in solitary confinement, Defendant Wetzel would also be entitled to qualified immunity.

*Second,* it is not even clear that *Porter* would create clearly established law as to the Plaintiff, regardless of the amount of time the Plaintiff spent in solitary confinement. The inmate in *Porter,* after all, was in solitary confinement on death row, not merely in solitary confinement after initially being in general population, as compared to the Plaintiff. Additionally, Mr. Porter was placed in solitary confinement as a result of his conviction for murder, while the Plaintiff was placed there as a result of assaulting staff once already in the prison—and that time was extended for additional misconducts. Crucial to the *Porter* Court's holding was the lack of an individualized assessment as to Mr. Porter, along with the fact that he had no disciplinary infractions during his decades in prison. *Porter, supra,* at 446-47. On the other hand, the Plaintiff was placed in solitary confinement as a result of his misconduct, and then continued to incur additional misconducts. Thus, the Plaintiff is not similarly situated to the inmate in *Porter,* and Defendant Wetzel should be shielded by qualified immunity.

## **CONCLUSION**

For the reasons set forth in this Brief, Defendant Wetzel respectfully requests that this Honorable Court grant summary judgment in his favor on the Plaintiff's Eighth Amendment claim.

                                         **Respectfully submitted,**

                                         **JOSH SHAPIRO**
                                         **Attorney General**

                             **By:**   *s/ Caleb Curtis Enerson*
                                         **CALEB CURTIS ENERSON**

**Office of Attorney General**         **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 313832**
**Harrisburg, PA 17120**
**Phone: (717) 705-5774**             **KAREN M. ROMANO**
**Fax:   (717) 772-4526**            **Chief Deputy Attorney General**
[cenerson@attorneygeneral.gov](mailto:cenerson@attorneygeneral.gov)

**Date:  March 3, 2021**                *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 |
| **Plaintiff** | : | |
| | : | **Chief Judge John E. Jones, III** |
| v. | : | |
| | : | **Electronically Filed Document** |
| **JOHN E. WETZEL,** | : | |
| **Defendant** | : | *Complaint Filed 04/23/18* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I caused to be served a true and correct copy of the foregoing document to the Plaintiff via hand delivery in a sealed envelope through staff at the DOC.

*s/Caleb Curtis Enerson*
**CALEB CURTIS ENERSON**
**Deputy Attorney General**