IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | CIVIL ACTION NO. 1:18-CV-878 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. WETZEL,** | : | |
| | : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 4th day of January, 2022, upon consideration of the report (Doc. 86) of Magistrate Judge Martin C. Carlson, recommending that the court deny Defendant's supplemental motion for summary judgment, (Doc. 78), and the court observing that Defendant has filed objections (Docs. 89, 90) to the report, see FED. R. CIV. P. 72(b)(2), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court agreeing with Judge Carlson's conclusion that Defendant's motion for summary judgment should be denied as to Plaintiff's Eighth Amendment conditions-of-confinement claim, and thus overruling Defendant's objections to the

report,[1] it is hereby ORDERED that:

1. The report (Doc. 86) of Magistrate Judge Carlson is ADOPTED.

2. Defendant's supplemental motion (Doc. 78) for summary judgment is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[1] We note that in Defendant's objections to the report, he argues that Judge Carlson failed to address the subjective prong of Mayo's Eighth Amendment conditions-of-confinement claim. (See Doc. 90 at 1-2, 4-5). Specifically, Defendant maintains that there was a legitimate penological purpose for Mayo's extensive solitary confinement, *i.e.*, a "lengthy and serious misconduct history," and therefore deliberate indifference cannot be shown. (Id. at 2). Even if there were a legitimate penological purpose for some of Mayo's solitary confinement, we do not agree that the evidence Defendant has adduced warrants summary judgment on this claim. *First*, Defendant has not rectified the deficiency identified in the Court's first Rule 56 decision. There, we clearly stated that "there is no indication as to how long the period [of solitary confinement] was extended due to misconduct," noting that Defendant had only provided a "printout of Mayo's misconducts over the past years," and explaining that "we cannot discern from a printout whether these misconducts serve [as] the basis for Mayo's continued placement in solitary confinement or if he remains in solitary because of the RRL list." (Doc. 59 at 17). Defendant has not provided any further evidence responding to this concern. *Second*, even if we were to take Defendant's contention at face value, the amount of additional "disciplinary custody" imposed on Mayo only aggregates to 680 days, or less than 23 months. (See Doc. 42-2 at 1-4). Consequently, the "lengthy and serious misconduct history"—even if proven to be the impetus for continued solitary confinement and assuming such punishment of a mentally ill inmate does not offend the Eighth Amendment—would only account for approximately three of the nearly five and a half years of Mayo's solitary confinement. Thus, without additional evidentiary or legal justification, we cannot conclude that summary judgment should be granted in Defendant's favor based on the subjective prong of Mayo's conditions-of-confinement claim.