# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MAYO, | : | No. 1:18-CV-0878 |
| **Plaintiff** | : | |
| | : | **Judge Conner** |
| v. | : | |
| | : | **Electronically Filed Document** |
| JOHN E. WETZEL, | : | |
| **Defendant** | : | *Complaint Filed 04/23/18* |

## BRIEF IN SUPPORT OF MOTION
## FOR MENTAL EXAMINATION OF PLAINTIFF

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-0384
Email: lbedell@pa.gov

Date: December 13, 2022          *Counsel for Defendant Wetzel*

## **TABLE OF CONTENTS**

**PROCEDURAL HISTORY** ...................................................................................................1

**STATEMENT OF FACTS** ...................................................................................................2

**QUESTION PRESENTED** ..................................................................................................2

**ARGUMENT** ........................................................................................................................3

**CONCLUSION** ....................................................................................................................5

## **PROCEDURAL HISTORY**

Dispositive motions have been decided, and the remaining claims are set for trial on May 30, 2023. The Court recently issued another Order, dated October 26, 2022 (Doc. 104), directing that this case is referred to the Prison Litigation Settlement Program for settlement discussions through mediation. The Order added that if mediation is unsuccessful, the case will be scheduled for trial. At this time, the parties are still attempting to discuss settlement.

Plaintiff is a *pro se* incarcerated person, who is presently incarcerated at SCI Phoenix. Plaintiff's remaining claims include an Eighth Amendment conditions of confinement claim and a Fourteenth Amendment due process claim based on his placement on the DOC's Restricted Release List ("RRL") by Defendant Wetzel, of the Pennsylvania Department of Corrections ("DOC"), for 29 months. (Doc. 1). Plaintiff alleges he has mental health issues and that his mental health was negatively impacted as a result of his placement on the RRL. (*See, e.g.*, Doc.1, "pre-existent mental health impairment" – ¶24, "deteriorated mental stability" – ¶25, "[t]he action of …Wetzel in placing Plaintiff on RRL knowing that Plaintiff is on the active mental health roster, take (sic) two (2) different psyche medications daily and long term solitary confinement isn't conducive to Plaintiff's pre-existent mental impairment …" – ¶29).

1

Defendant seeks to have an independent third-party psychiatrist evaluate Plaintiff's mental health condition. Pursuant to Rule 35, Defendant filed a motion seeking to conduct a mental examination of the Plaintiff. This brief supports the motion. For the reasons stated herein, the motion should be granted.

## STATEMENT OF FACTS

Plaintiff's remaining claims include an Eighth Amendment conditions of confinement claim and a Fourteenth Amendment due process claim based on his placement on the DOC's Restricted Release List ("RRL") by Defendant for 29 months. (Doc. 1). Plaintiff alleges he has mental health issues and that his mental health was negatively impacted as a result of his placement on the RRL. (*See, e.g.*, Doc.1, "pre-existent mental health impairment" – ¶24, "deteriorated mental stability" – ¶25, "[t]he action of …Wetzel in placing Plaintiff on RRL knowing that Plaintiff is on the active mental health roster, take (sic) two (2) different psyche medications daily and long term solitary confinement isn't conducive to Plaintiff's pre-existent mental impairment …" – ¶29).

## QUESTION PRESENTED

Should the Court grant the motion pursuant to Rule 35 to conduct a mental health examination of Plaintiff because his mental condition is in controversy, a suitably licensed examiner will perform the examination, and the request is made for good cause?

## **ARGUMENT**

Rule 35(a) of the Rules of Civil Procedure governs medical and mental health examinations of parties in federal civil litigation, and provides, in pertinent part as follows:

> The Court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The Court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

F.R.C.P. 35(a)(1). A party seeking a court order compelling a mental examination must satisfy Rule 35(a). *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964). In seeking to compel a mental examination, the movant must make an "affirmative showing ... that each condition to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118. Mental examinations tend to be ordered by the courts where: (1) there is a separate tort claim for emotional distress; (2) the claimant alleges that he suffers from a severe ongoing mental injury or psychiatric disorder, (3) the claimant will offer expert testimony to support the claim, or (4) the plaintiff concedes his/her mental condition is in controversy. *See Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 230 (E.D. Pa.) (citations omitted); *Shirsatv. Mutual Pharm. Co.*, 169 F.R.D. 68, 69 (E.D. Pa. 1996).

3

In this civil action, Plaintiff alleges he suffers from ongoing mental health issues and that his mental health was negatively impacted as a result of his placement on the RRL. (*See, e.g.*, Doc.1, "pre-existent mental health impairment" – ¶24, "deteriorated mental stability" – ¶25, "[t]he action of …Wetzel in placing Plaintiff on RRL knowing that Plaintiff is on the active mental health roster, take (sic) two (2) different psyche medications daily and long term solitary confinement isn't conducive to Plaintiff's pre-existent mental impairment …" – ¶29).

The parties dispute the extent of Plaintiff's mental health conditions and the exacerbation of his injuries, if any. Thus, Plaintiff's mental health conditions are in controversy in this case. Defendant seeks to have a psychiatric expert, Dr. Pogos Voskanian, conduct an evaluation of Plaintiff at SCI Phoenix, presumably via Zoom, which can be accommodated by the institution. Dr. Voskanian is suitably licensed to perform the examination as required by Rule 35, as indicated by the certifications, awards, service, affiliations, educational and professional history reflected on his Curriculum Vitae. (See Attachment A to the Motion).

Good cause exists for the examination. Defendant seeks the examination to determine whether the Plaintiff's confinement on the RRL was responsible for causing or exacerbating his mental health issues. It would be inequitable to permit Plaintiff to make distinct and specific allegations at trial about the harms he believes he suffered due to his incarceration and placement on the RRL if Defendant has not

4

had an opportunity to test those claims through the requested examination. Defendants also do not anticipate each examination lasting more than a couple or few hours, thus not subjecting Plaintiff to a lengthy and burdensome process.

Finally, Defendant is unable to meaningfully engage in settlement discussions without obtaining an independent medical evaluation of the Plaintiff to determine the extent and valuation of his injuries, if any.

Thus, Defendant respectfully request that the Court direct that the Plaintiff submit to an evaluation.

## CONCLUSION

Defendant respectfully requests that the Court grant the motion and direct Plaintiff to submit to an evaluation by Dr. Voskanian on a date and time to be determined.

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-0384
Email: lbedell@pa.gov

Date: December 13, 2022        *Counsel for Defendant Wetzel*

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 |
| **Plaintiff** | : | |
| | : | Judge Conner |
| v. | : | |
| | : | Electronically Filed Document |
| **JOHN E. WETZEL,** | : | |
| **Defendant** | : | Complaint Filed 04/23/18 |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bedell, hereby certify that on December 13, 2022, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion for Mental Examination of Plaintiff to the following:

<u>VIA U.S. MAIL</u>
Smart Communications/PADOC
William Mayo, FZ-2947
SCI Phoenix
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                            */s/ Lindsey A. Bedell*
                                            Lindsey A. Bedell, Assistant Counsel