In The United States District Court For The Middle District of Pennsylvania

William Mayo,
    Plaintiff,

v

John E. Wetzel,
    Defendant.

Civil Action No. 1:18-CV-0878

Hon. Judge Christopher C. Conner

Civil Rights Complaint

## Brief In Support Of Motion To Strike

Plaintiff, William Mayo pro se litigant, is a mentally impaired prisoner confined in solitary at the State Correctional Institution of Phoenix ("SCI Phoenix") whom initiated this action in the United States District Court for The Middle District of Pennsylvania.

### Procedural Background

This action has survived a initial motion for summary judgement, a motion for reconsideration and a supplemental motion for summary judgement. Yet, Defendants' is now attempting to relitigate this action again by submitting a additional

(1 of 6)

motion for mental examination of Plaintiff which the doctrine of res judicata arguably stands at its cornerstone predicated from Plaintiff's deteriorated mental stability, inter alia, being confined in solitary indefinitely for the past seven (7) consecutive years.

Be that as it may, for the past seven (7) consecutive years Plaintiff has been periodically housed in Psychiatric Observation Cell ("POC")'s for his express thoughts of suicide.

## Standard of Review

In passing upon a motion to strike, a court must treat as admitted all material factual allegations underlying the challenged defense and all reasonable inferences which can be drawn therefrom. Kohen v. E.S. Crocker Co., 260 F.2d 790, 792 (5th Cir. 1958); M.L. Lee & Co. v. American Cardboard & Packaging Corp., 36 F.R.D. 27, 29 (E.D. Pa. 1964). Viewed in this light, a defense will be stricken only if it "could not possibly prevent recovery" by Plaintiff on its claim. United States v. Pennsalt Chemicals Corp., 262 F. Supp. 101 (E.D.

(2)

Pa. 1967), M.L. Lee & Co. v. American Cardboard & P. Corp., supra. This does not mean, however, that the Court must treat other allegations of the answer, which are not challenged, as true. Kohen v. E.S. Crocker Co., supra. Furthermore, unless [Defendants'] ability to establish the material allegations underlying its claim is presupposed, we would never be able to reach the issue at hand; our inquiry would continually founder upon [Defendants'] failure to establish a prima facie case. Thus, to the extent that the challenged defenses are not factually in conflict with those facts alleged by Plaintiff to support its claim for recovery, we must, for purposes of this motion, assume that Plaintiff will be able to establish them at trial.

The Primary Basis Regarding This Motion To Strike

Is predicated from Defendants' evident antic to re-litigate this action [see: Envtl. Tectonics Corp. v. Walt Disney World Co., NO. CIV. A. 05-6412, 2008 WL 2405751 at *2 (E.D. Pa. June 13, 2008)("while claiming to cite "factual errors" in the opioion, in reality [Defendants'] seek another roll of the dice, which is empha-

(3)

tically not the purpose of a motion for [mental examination of Plaintiff].")(citing to Watson v. City of Phila., No. 06-0883, 2006 U.S. Dist. Lexis 70869, at *5, 2006 WL 2818452 (E.D. Pa. Sept 28, 2006)("A motion for [mental examination of Plaintiff] is not intended to provide a losing party with a second bite at the apple.")]

   Defendants' spent a substantial amount of time within the context of its brief attempting to persuade the court that a examination of a few hours, sounds unconceivable, to insinuate can somehow supersede the Pa.DOC Psyche Dept. foundings' that Plaintiff encounter daily, weekly, monthly and yearly to somehow undermine the material fact(s) that is in dispute which appear arguably outlandish that a rebuttal seem redundant, thusly granted The United States Court of Appeals for the Third Circuit has recently noted the following:

   We have repeatedly recognized the severe effects of prolonged solitary confinement, as have our sister circuits and justices of the Supreme Court. See: Shoats v. Horn, 213 F.3d 140, 144

(4)

(3d Cir 2000)(noting that a special assistant to the Secretary of the Pennsylvania DOC would be concerned about the psychological damage to an inmate after only 90 days of solitary confinement); Palakovic v. Wetzel, 854 F.3d 209, 225 (3d Cir. 2017)(acknowledging the "robust body of legal and scientific authority recognizing the devastating mental health consequences caused by long-term isolation in solitary confinement"); Porter v. Clarke, 923 F.3d 348, 355-56 (4th Cir. 2019)(holding that conditions on Virginia's death row violated the Eighth amendment and noting that "in recent years, advances in our understanding of psychology and new empirical methods have allowed researchers to characterize and quantify the nature and severity of the adverse psychological effects attributable to prolonged placement of inmates in isolated conditions"); Davis v. Ayala, 576 U.S. 257, 135 S.Ct. 2187, 2210, 192 L.Ed.2d 323 (2015)(Kennedy J., concurring)("Research still confirms what this Court suggested over a century ago: years on end of near-total isolation exact a terrible price."); Glossip v. Gross, 576 U.S. 863, 135 S.Ct.

(5)

2726, 2765, 192 L.Ed. 2d 761 (2015)(Breyer, J., dissenting)(reviewing literature and stating that "it is well documented that such prolonged solitary confinement produces numerous deleterious harms").

## Conclusion

Wherefore, Plaintiff request if this court can grant his motion to strike Defendants' motion for mental examination of Plaintiff and a settlement conference can be scheduled prompt.

William, Mayo
Mr. William Mayo #FZ-2947
SCI Phoenix
1200 Mokychic Drive
Collegeville, Pa. 19426

Date: January 9, 2023

(6)

## certificate of service

I hereby certify that I am depositing in the U.S. Mail a true and correct copy of the foregoing motion to strike upon the person(s) in the manner indicated below:

service by first-class mail
address as follow

Ms. Lindsey A. Bedell, Esq.
Pa. Department of Corrections
1920 Technology Parkway
Mechanicsburg, Pa. 17050

The Clerk of Court
U.S. District Court
P.O. Box 983
228 Walnut St
Harrisburg, Pa. 17108

*William Mayo*
Mr. William Mayo # FZ-2947
SCI Phoenix
1200 Mokychic Drive
Collegeville, Pa. 19426

Date: January 9, 2023

(1 of 1)

Mr. William Mayo #FZ-2947
SCI·Phoenix
1200 MoKychic Drive
Collegeville, Pa. 19426

**RECEIVED**
HARRISBURG, PA

JAN 1 1 2023

PER _____
         DEPUTY CLERK

neopost
01/09/2023
US POSTAGE $001.32



ZIP 19426
041M1225522

To: (the) Clerk of Court
U.S District Court
P.O. Box 983
228 Walnut St
Harrisburg, Pa. 17108

"Inmate