# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | No. **1:18-CV-0878** |
| Plaintiff | : | |
| | : | **Judge Conner** |
| v. | : | |
| | : | **Electronically Filed Document** |
| **JOHN E. WETZEL,** | : | |
| Defendant | : | *Complaint Filed 04/23/18* |

## REPLY BRIEF IN SUPPORT OF MOTION
## FOR MENTAL EXAMINATION OF PLAINTIFF

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-0384
Email: lbedell@pa.gov

Date: January 12, 2023      *Counsel for Defendant Wetzel*

# **TABLE OF CONTENTS**

**PROCEDURAL HISTORY** ........................................................................................1

**ARGUMENT** ................................................................................................................1

**CONCLUSION** ............................................................................................................4

## PROCEDURAL HISTORY

Dispositive motions have been decided, and the remaining claims are set for trial on May 30, 2023. Defendant, the former Secretary of the Pennsylvania Department of Corrections ("DOC"), seeks to have an independent third-party psychiatrist evaluate Plaintiff's mental health condition and filed a motion pursuant to Rule 35 with a supporting brief. (Docs. 107-08). Plaintiff opposed the motion. (Docs. 110-113). Defendant files this reply brief to respond to matters raised in Plaintiff's opposing papers.

## ARGUMENT

Plaintiff asserts Defendant seeks an expert's opinion of his alleged injuries is an "antic" because such motions are usually filed prior to discovery being closed. He cites no authority for this assertion.

Indeed, here, the Court set a deadline for the close of fact discovery followed by a dispositive motion deadline, but no deadline was set for expert discovery. Federal Rule of Civil Procedure 26 states that, in the absence of such an order, parties are required to produce expert reports at least 90 days before the date set for trial. F.R.C.P. 26(a)(2)(D)(i). Since trial is set on May 30th, Defendant are required to produce any expert reports by March 1st unless they are granted an extension of the deadline.

Plaintiff knew about the Defendant's desire for a mental health examination since early November and waited until mid-December to object to it, yet he hints that Defendant has somehow been dilatory with seeking the examination. Coincidentally, around the same time that Plaintiff lodged an objection to Defendant's request for an exam, the Court issued an order setting a trial date, and Defendant immediately sought leave for a mental health examination the next day. In no way has Defendant purposefully delayed the resolution of this civil action.

Plaintiff asserts that, through seeking this examination, Defendant is "re-litigating" issues that were decided because the Court already ruled on Defendant's dispositive motions. Plaintiff also accuses Defendant of seeking to correct factual errors that were made at the summary judgment stage, but in so doing, he misstates the record and relies on caselaw that does not stand for the proposition he seeks to make. First, Defendant's dispositive motion did not address whether it would obtain an expert opinion. Second, Defendant never asserted in the instant motion that there were factual errors in the summary judgment record; nor is he seeking leave for further dispositive motions.

Third, the caselaw cited by Plaintiff in his opposing brief, *Env't Tectonics Corp. v. Walt Disney World Co.*, Civ. A. No. 05-6412, 2008 WL 2405751, at \*2 (E.D. Pa. June 13, 2008) related to the proper purpose for a motion for *reconsideration*. *Id.* at \*2. In his brief, Plaintiff made it look like he quoted language

directly from the case, but he supplanted the words "motion for [mental examination]" in place of "motion for reconsideration" as though they are interchangeable. (Doc. 11 at p.3). They are not. Thus, this case is entirely inapplicable to motions seeking leave to compel parties to mental health examinations.

Through his opposition, Plaintiff seeks to preclude Defendant from being able to pick its own independent expert to render an opinion of his mental health. He seeks to limit Defendant to the mental health examinations already conducted by DOC staff because they have had a longer relationship with him. While Plaintiff may attack the credibility of any witness as he chooses, this is not a reason to bar Defendant from being able to pick his own witnesses, as the judicial system readily permits.

Finally, as a last attempt to dodge the requested examination, Plaintiff cites to various sources indicating that solitary confinement[1] has been found to have detrimental effects on other inmates. Plaintiff ostensibly suggests that, since various sources show this in general, it should not be necessary for him to show that he too has been detrimentally affected and meet his burden of proof at trial while barring Defendant from seeking any evidence to the contrary.

---

[1] Defendant disputes the use of this term with respect to the claims here, and merely repeats the wording used by Plaintiff, as the DOC does not use solitary confinement in its institutions.

3

As previously stated, good cause exists for the examination. Defendant seeks the examination to determine whether the Plaintiff's confinement on the RRL was responsible for causing or exacerbating his mental health issues. It would be inequitable to permit Plaintiff to make distinct and specific allegations at trial about the harms he believes he suffered due to his incarceration and placement on the RRL if Defendant has not had an opportunity to test those claims through the requested examination. Thus, Defendant respectfully request that the Court direct that the Plaintiff submit to an evaluation.

## CONCLUSION

Defendant respectfully requests that the Court grant the motion and direct Plaintiff to submit to an evaluation by Dr. Voskanian on a date and time to be determined.

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-0384
Email: lbedell@pa.gov

Date: January 12, 2023          *Counsel for Defendant Wetzel*

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 | |
| Plaintiff | : | | |
| | : | Judge Conner | |
| v. | : | | |
| | : | **Electronically Filed Document** | |
| **JOHN E. WETZEL,** | : | | |
| Defendant | : | *Complaint Filed 04/23/18* | |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bedell, hereby certify that on January 12, 2023, I caused to be served a true and correct copy of the foregoing document titled Reply Brief in Support of Motion for Mental Examination of Plaintiff to the following:

<u>VIA U.S. MAIL</u>
Smart Communications/PADOC
William Mayo, FZ-2947
SCI Phoenix
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                             */s/ Lindsey A. Bedell*
                                             Lindsey A. Bedell, Assistant Counsel