IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | CIVIL ACTION NO. 1:18-CV-878 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. WETZEL,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 19th day of January, 2023, upon consideration of Defendant's motion for a mental examination of plaintiff William Mayo, (Doc. 107), in which Defendant seeks an independent third-party psychiatric evaluation of Mayo by Pogos H. Voskanian, M.D., regarding Mayo's claims of mental health injury, (see id. at 2-3), and the court observing that, under Federal Rule of Civil Procedure 35, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner," FED. R. CIV. P. 35(a), and the court finding "good cause" for the requested psychiatric evaluation,[1] see FED. R. CIV. P. 35(a)(2)(A); (Doc. 59 at 8

---

[1] Mayo opposes the instant motion, primarily arguing that Defendant is attempting to "relitigate" the issue of whether he suffers from mental illness related to his years of solitary confinement. (See Doc. 111 at 3-6). Mayo misunderstands Defendant's motion for a mental examination and the court's prior Rule 56 decisions. Defendant continues to challenge both causation and the "extent of" Mayo's injuries related to his confinement, (see Doc. 107 at 3), issues which were not resolved at the summary judgment stage. Rather, Defendant's motions for summary judgment were denied because genuine disputes of material fact remain regarding Mayo's Eighth Amendment conditions-of-confinement claim and Fourteenth Amendment due process claim. (See Doc. 59 at 18; Doc. 95 at 1-2 & n.1).

(recounting that Mayo "alleges that he suffers from deteriorated mental stability as a result of being" held in solitary confinement for years)); Kuminka v. Atlantic County New Jersey, 551 F. App'x 27, 29 (3d Cir. 2014) (nonprecedential) (explaining that mental condition is "in controversy" within the meaning of Rule 35(a) if the claim involves "an allegation of a specific mental or psychiatric injury"), and that Dr. Voskanian is qualified to conduct such an evaluation, (see generally Doc. 107-2 (containing Dr. Voskanian's curriculum vitae and extensive list of lectures and litigation experience)), it is hereby ORDERED that Defendant's motion for a mental examination (Doc. 107) is GRANTED.  Pursuant to Rule 35(a)(2)(B), Defendant shall confer with Mayo, Dr. Voskanian, and SCI Phoenix to determine a suitable date, time, and place for the mental examination, as well as the "manner, conditions, and scope of the examination" so that the court can issue an appropriate scheduling order.  See FED. R. CIV. P. 35(a)(2)(B).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania