IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 |
| Plaintiff | : | |
| | : | Judge Conner |
| v. | : | |
| | : | Electronically Filed Document |
| **JOHN E. WETZEL,** | : | |
| Defendant | : | *Complaint Filed 04/23/18* |

### BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CLAIMS THAT WERE DISMISSED

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-0384
Email: lbedell@pa.gov

Date: May 31, 2023    *Counsel for Defendant Wetzel*

# **CONTENTS**

RELEVANT FACTS AND PROCEDURAL HISTORY ..........................................1

ISSUE PRESENTED ................................................................................................1

ARGUMENT .............................................................................................................2

CONCLUSION .........................................................................................................3

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff, a pro se incarcerated individual, filed his initial complaint pursuant to 42 U.S.C. § 1983 and makes various claims stemming from his incarceration by the Pennsylvania Department of Corrections. (Doc. 1). Discovery closed, and Defendant filed a motion for summary judgment. When ruling on Defendant's Motion for Summary Judgment, the Court granted, in part, and denied, in part, the motion. The Court granted the motion, in part, and dismissed Plaintiff's Eighth Amendment claim of a denial of adequate medical care. (Doc. 59 at p.18). The motion was denied with respect to Plaintiff's Eighth Amendment conditions of confinement claims and Fourteenth Amendment due process claim. *Id.*

The remaining claims are scheduled for a jury trial, set to begin on May 30, 2023.[1] Defendant filed a motion in limine to exclude evidence of any claims that were dismissed. Defendant now files this brief in support of the motion.

## ISSUE PRESENTED

Whether evidence or testimony that relates solely to a dismissed claim should be excluded pursuant to Federal Rule of Evidence 401?

*Suggested Answer:* Yes.

---

[1] This date is subject to an Order dated March 23, 2023 (Doc. 127) staying all deadlines for thirty days while attempts are made to find *pro bono* counsel for the Plaintiff.

1

## **ARGUMENT**

It is well-established that courts have broad discretion to determine motions *in limine* prior to trial. *See R.D. v. Shohola, Inc.*, 2019 WL 6134731, at *1 (M.D. Pa. Nov. 19, 2019) (Carlson, J.). District courts generally consider motions *in limine* to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

Evidence related to dismissed claims should be excluded as irrelevant and because the probative value of such evidence is substantially outweighed by a danger of confusing and misleading the fact finder, causing undue delay, and wasting time. Evidence that is not relevant under Federal Rule of Evidence 401 is deemed inadmissible. Fed. R. Evid. 401. Relevance is determined by applying a two-part test. *Id.* The evidence must have "any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Id.* Evidence may be inadmissible where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the fact finder, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The Court dismissed Plaintiff's Eighth Amendment claim of a denial of adequate medical care. (Doc. 59 at p.18). At trial, it is anticipated that Plaintiff may

2

seek to introduce evidence that pertains solely to the claim that was dismissed. Because the claim was dismissed, any evidence or testimony related to the claim is not relevant. The probative value of the evidence is substantially outweighed by the danger that it would confuse and mislead the fact finder, cause undue delay, and waste time.

The prejudicial effect of introducing evidence related to the dismissed claim is substantially outweighed by any probative value because there is no probative value in such evidence. Therefore, Defendant seeks to exclude evidence related to any dismissed claims.

## CONCLUSION

Defendant requests that the Court exclude any evidence that relates solely to claims that are dismissed.

Respectfully submitted,

Office of General Counsel

*/s/ Lindsey A. Bedell*
Lindsey A. Bedell, Assistant Counsel
Attorney ID #308158
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone: 717-728-0384
Email: lbedell@pa.gov

Date: May 31, 2023            *Counsel for Defendant Wetzel*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **WILLIAM MAYO,** | : | No. 1:18-CV-0878 | |
| **Plaintiff** | : | | |
| | : | Judge Conner | |
| v. | : | | |
| | : | **Electronically Filed Document** | |
| **JOHN E. WETZEL,** | : | | |
| **Defendant** | : | *Complaint Filed 04/23/18* | |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bedell, hereby certify that on May 31, 2023, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion in Limine to Exclude Evidence of Claims that were Dismissed to the following:

<u>VIA U.S. MAIL</u>
Smart Communications/PADOC
William Mayo, FZ-2947
SCI Phoenix
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                          */s/ Lindsey A. Bedell*
                                          Lindsey A. Bedell, Assistant Counsel