# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

18-cv-878

WILLIAM MAYO,

Plaintiff,

v.

JOHN WETZEL,

Defendant

DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE: PLAINTIFF'S
FELONY CONVICTION AND INSTITUTIONAL MISCONDUCT RECORD

Respectfully Submitted,
Office of General Counsel,

/s/ Lindsey Bedell
Lindsey Bedell, Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

/s/ Kelly J. Hoke
Kelly J. Hoke, Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

Date: February 1, 2024

## Table of Contents

Table of Authorities ................................................................................ ii

Background…………………………………………………………………………1

Statement of the Issues Presented ...................................................................1

Argument.............................................................................................1

Conclusion ........................................................................................11

i

Table of Authorities

<u>Cases</u>

*Diaz v. Alberts,*  2013 WL 2322485 (E.D.Pa. May 28, 2013)………………………8

*Harris v. Barone,* 2013 WL 5534236 (W.D. Pa. October 7, 2013)……...5, 6, 7, 9, 10

*Henderson v. Mahally*, 639 F.Supp.3d 481 (M.D. Pa. 2022)………………..4, 6, 10

*Murray v. Ennis,* 2012 WL 3962645 (W.D.Pa. Sept.11, 2012), *aff'd,* 2013 WL 1814888 (3d Cir. May 1, 2013)…………………………………………………..8, 9

*Shelton v. Bledsoe,* 2017 WL 2906560 (July 7, 2017)………………………...2, 3, 6

*Smith v. City of Philadelphia*, 2009 WL 3353148 (E.D. Pa. Oct. 19, 2009). ……….7

*Tabron v. Grace*, 898 F.Supp. 293 (M.D.Pa. 1995)………………………………..2

*United States v. Brown,* 765 F.3d 278 (3d Cir. 2014)……………………………….4

*U.S. v. Daraio,* 445 F.3d 253 (3d Cir.2006)………………………………………..7

*United States v. Davis,* 726 F.3d 434 (3d Cir. 2013)……………………………….4

*U.S. v. DeMuro,* 677 F.3d 550, 563 (3d Cir.2012)………………………………….6

*U.S. v. Caldwell,* 760 F.3d 267 (3d Cir. 2014)……………………………………..4

*United States v. Green*, 617 F.3d 233 (3d Cir. 2010)………………………………10

*United States v. Holt*, 460 F.3d 934 (7th Cir. 2006)………………………………..5

*U.S. v. Simmons,* 679 F.2d 1042 (3d Cir. 1982)……………………………………10

*Walden v. Georgia-Pacific Corp*., 126 F.3d 506 (3d Cir. 1997)……………………2

*Wilson v. Mahally,* 2023 WL 8528661 (M.D. Pa. December 8, 2023)……………..5

*Womack v. Smith,*  2012 WL 1245752 (M.D.Pa. Apr.13, 2012)………………..7, 9

## Background

Plaintiff, William Mayo ("Mayo"), is an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Phoenix. On April 23, 2018, he filed a complaint pursuant to 42 U.S.C. § 1983, alleging various claims stemming from his incarceration; the sole Defendant is former DOC Secretary, John Wetzel. *See Document No. 1.*

Following a partial grant of summary judgment, Mayo's Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims, remain. *See Document No. 59.* A jury trial is scheduled to commence on April 1, 2024.

## Statement of the Issues Presented[1]

1. Should Defendant be permitted to introduce evidence of Plaintiff's felony conviction for impeachment purposes?

2. Should Defendant be permitted to introduce evidence of Plaintiff's institutional misconduct records and homicide conviction?

## Argument

**1. Defendant should be permitted to introduce evidence of Plaintiff's felony conviction for impeachment purposes.**

Rule 609 governs the admissibility of a witness's prior convictions for impeachment purposes. *See* Fed.R.Evid.609. Pursuant to Rule 609(a), it is "clear that

---

[1] It is respectfully suggested that the answer to all questions presented should be in the affirmative.

evidence of felony convictions is indeed relevant to a jury's effective evaluation of witness credibility." *See Shelton v. Bledsoe,* 2017 WL 2906560, *7 (July 7, 2017). This rule is based upon the "common sense proposition" that an individual who has "transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath" and its purpose is to aid the jury in assessing the credibility of a witness. *Id., citing Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997).

When proposed for purposes of attacking the witness's character for truthfulness, evidence that he has been convicted of a felony "shall be admitted, subject to Rule 403 . . . if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." *See Shelton,* 2017 WL 2906560 at *3; Fed.R.Evid.609(a)(1). To this end, the court must engage in a "genuine balancing" of probative value and prejudicial effect. *Tabron v. Grace*, 898 F.Supp. 293, 297 (M.D.Pa. 1995). Significant considerations include "the nature of the convictions, the time that has elapsed since conviction, the importance of credibility to the underlying claim, and the potential for prejudice from admitting the convictions." *Id.* at 295.

Presently, Mayo's credibility will be a significant issue in the trial. For impeachment purposes, Defendant seeks to inform the jury that Mayo was convicted and sentenced for a felony, for which he is currently serving a sentence within the

2

DOC. Given the nature of the case and the parties involved, the jury will already be aware that Mayo committed a crime that led to his incarceration, and as such, the admission of evidence that he was convicted of a felony will not result in undue prejudice to him.

A balancing of the considerations in Rules 403 and 609, weighs in favor of admitting evidence that Mayo is presently serving a sentence for a felony conviction. *See Shelton, supra.*

### 2. Defendant should be permitted to introduce evidence of Plaintiff's institutional misconduct records and homicide conviction.

Evidence of "other crimes, wrongs, or acts" are not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* Fed.R.Evid.404(b)(1). However, such evidence may be admissible for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absences of mistake, or lack of accident." *See* Fed.R.Evid.404(b)(2).

The party seeking admission of other-act evidence under Rule 404(b) must satisfy the following four steps: 1) identify a proper, non-propensity purpose that is "at issue" in, or relevant to, the case at hand; 2) after identifying a proper non-propensity purpose, the proponent must articulate how the other-act evidence is relevant to proving that purpose without relying on propensity, by setting forth a "chain of inferences" that connects the other-act evidence to the proper purpose, "no

3

link of which is a forbidden propensity inference;" 3) the court must perform a Rule 403 balancing analysis to ensure that the probative value of the other-act evidence is not substantially outweighed by its "inherently prejudicial nature;" and, 4) if requested, the court must provide a proper limiting instruction. *Henderson v. Mahally*, 639 F.Supp.3d 481, 490 (M.D. Pa. 2022), *citing U.S. v. Caldwell,* 760 F.3d 267 (3d Cir. 2014), *United States v. Davis,* 726 F.3d 434, 442 (3d Cir. 2013), *United States v. Brown,* 765 F.3d 278, 291 (3d Cir. 2014).

In addition to his criminal history, Mayo has an extensive institutional misconduct history. He was initially placed on the RRL following the issuance of a misconduct on November 19, 2015, when he attacked and repeatedly stabbed a corrections officer with a homemade weapon. At that time, Mayo's misconduct history reflected 52 misconducts.  Since that time, he has incurred an additional 28 misconducts—for a total of 80 misconducts to date.

Accordingly, Mayo's misconducts—those predating his placement on the RRL, the misconduct that precipitated his placement on RRL, and those misconducts that he incurred subsequent to his placement on RRL—are all relevant to explain his placement on the RRL and continued presence on the IMU. Relatedly, insofar as Mayo's homicide conviction, for which he is currently serving his sentence within the DOC, also influenced housing and security decisions by staff, such evidence is relevant to the claims presented in his Complaint.

4

As an initial matter, the misconduct issued November 19, 2015, does not constitute an "other" bad act, as it led directly to Mayo's placement on the RRL; therefore, this misconduct is inextricably linked to the claims presented in his present civil action. Likewise, Mayo's misconduct history predating his placement on the RRL is also relevant to explaining the decision to house him in this manner and serves to provide a complete picture to the jury as to why this action was deemed necessary. *See Wilson v. Mahally,* 2023 WL 8528661, *2 (M.D. Pa. December 8, 2023) (finding the misconduct at issue was not an "other" act as it directly related to plaintiff's claims and the events underlying his claims), *citing Cf. United States v. Holt*, 460 F.3d 934 (7th Cir. 2006) ("if the evidence relates to acts concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime, it is not evidence of 'other' acts, as Rule 404(b) uses the term. Instead, it is part of the story of the very offense for which the defendant is on trial, even if it only does something like completing that story or explaining the circumstances;" therefore, "[s]ubject to Rule 403, which applies to all relevant evidence, evidence about these closely linked acts may be admitted.").

With respect to the entirety of Mayo's misconduct history and his homicide conviction, the Court "has 'considerable leeway'" in determining whether to admit this evidence. *Harris v. Barone,* 2013 WL 5534236, *2 (W.D. Pa. October 7, 2013).

To be sure, Rule 404(b) "is inclusive, not exclusive, and emphasizes admissibility." *Id.*, *quoting U.S. v. DeMuro,* 677 F.3d 550, 563 (3d Cir.2012).

Defendant is able to satisfy the four above-outlined requisite steps to seeking the admission of the requested evidence. *See Henderson, supra.* First, Defendant proposes to introduce evidence of Mayo's misconducts and felony conviction for the proper, non-propensity purpose of demonstrating and explaining the defense witnesses' knowledge. Specifically, this evidence relates to their knowledge of Mayo's violent behavior and how this information motivated and informed their decisions relative to determinations regarding his institutional housing and security needs. *See* Fed.R.Evid.404(b)(2); *Harris,* 2013 WL 5534236 at *3 (where plaintiff's prior misconducts "appear to have driven [defendant's] decision" to place plaintiff on cell restriction, as "previous attempts at discipline had apparently not worked, and [defendant] believed that more severe restrictions needed to be put in place," defendant's testimony regarding his "knowledge of plaintiff's prior misconducts is relevant to prove that he did not possess the state of mind necessary to establish an Eighth Amendment conditions-of-confinement claim… Put simply, [defendant] must be able to explain why he did what he did, and he cannot do that without referring to Plaintiff's prior consistent assaultive behavior while incarcerated."); *Shelton,* 2017 WL 2906560 at *5 (insofar as corrections defendants' knowledge of plaintiff's past behavior, prior misconduct, propensity for violence, or disciplinary

6

issues while incarcerated "helped to form a basis to assess the threat level that the plaintiff presented, then knowledge of such history would be relevant to the inquiry as to whether the force used against plaintiff was reasonable under the circumstances.'"), *citing Smith v. City of Philadelphia*, 2009 WL 3353148, at *2 (E.D. Pa. Oct. 19, 2009).

Second, the requested evidence is relevant to prove Defendant's purpose without relying on propensity—namely, the introduction of evidence of Mayo's misconducts is crucial to explain the decision to place him on the RRL and in the IMU. *See Harris,* 2013 WL 5534236 at *3 (evidence of plaintiff's misconduct history was admissible for the limited purpose of establishing defendant's state of mind at the time he imposed the cell restriction on plaintiff, noting this evidence went to an element of plaintiff's claim and rebutted his assertions that defendant acted unreasonably and with deliberate indifference), *citing U.S. v. Daraio,* 445 F.3d 253, 265 (3d Cir.2006). *See also, Womack v. Smith,* 2012 WL 1245752, at *5 (M.D.Pa. Apr.13, 2012) (inmate raised an Eighth Amendment claim regarding his placement in ambulatory restraints for 26 days and sought to exclude evidence of his prison disciplinary record under Rule 404(b), to which defendants responded that the disciplinary record informed their decision regarding the use of restraints and was admissible as it "establishe[d] a pattern of an inmate who has attempted to manipulate his situation and for whom discipline has not worked in the past;" the

7

court agreed, finding that the evidence was offered for the purpose of establishing "defendants' knowledge or state of mind," which was relevant to Plaintiff's Eighth Amendment claim and "did not cross the line into impermissible character evidence."), *Murray v. Ennis,* 2012 WL 3962645, at *5–6 (W.D.Pa. Sept.11, 2012), *aff'd,* 2013 WL 1814888 (3d Cir. May 1, 2013) (admitting evidence of the inmate's prior misconducts as relevant to proving "defendants' motives in making the decisions they made" and that their actions were not retaliatory), *Diaz v. Alberts,* 2013 WL 2322485, at *2 (E.D.Pa. May 28, 2013) (evidence of plaintiff's prior prison misconduct may be offered for the limited purposes of demonstrating a defendants' knowledge of plaintiff's prior violent misconduct at the time of the incident giving rise to his excessive force claim).

When making decisions regarding Mayo's housing and security level, Defendant was required to balance the danger posed to staff and the rest of the inmate population, with Mayo's individual housing needs. Mayo's institutional records reflect that he repeatedly expressed his inability to control his anger and aggression, harbored homicidal thoughts, articulated his desire to harm others, repeatedly acted on such desires and assaulted both staff members and inmates, following which he did not exhibit any remorse.[2]

---

[2] Mayo's institutional records document various occasions when he expressed aggression, including statements that if he were able to get to certain staff members, he would kill them or break "every bone in his body." Relatedly, within days of his

Thus, Mayo's past aggressive behavior, the information contained within his misconduct history, and the nature of his violent acts leading to those misconducts, established a pattern of persistent violent behavior. Such information reasonably influenced and guided Defendant's decisions designed to protect both the staff and other inmates. *See Harris, Womack, Murray, supra.*

Third, the court must perform a Rule 403 balancing analysis to ensure that the probative value of the proposed evidence is not substantially outweighed by its inherently prejudicial nature. *See* Fed.R.Evid. 402 ("Relevant evidence is admissible"); Fed.R.Evid. 403 (relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Because challenges to Mayo's housing and security designation are the crux of his claims, Defendant submits that the balance necessarily tips in favor of admitting the requested evidence to enable the defense witnesses to explain their actions and the factors upon which they relied when making these determinations. The probative value of this critical evidence substantially outweighs any potential prejudice to Mayo.

---

previous release from the Restricted Housing Unit, Mayo assaulted a staff member that had irritated him, and against whom Mayo had harbored animosity throughout his stay in disciplinary confinement—when he was released and had the opportunity, Mayo acted on his aggression and assaulted this staff member.

9

Lastly, in accordance with the fourth step to admission of such evidence, at Mayo's request, a limiting instruction may be provided at the Court's discretion. *See Harris,* 2013 WL 5534236 at *3 (permitting the introduction of plaintiff's misconduct history, and noting that a jury instruction explaining the limited purpose for which the evidence is admissible, would minimize any prejudicial effect).

Consequently, the admission of Mayo's misconduct record does not run afoul of Rule 404(b). Mayo's full misconduct history provides valuable background information and insight into Defendant's decisions that are at the heart of this case. *See Henderson,* 639 F.Supp.3d  at 491, *citing United States v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010); *see also, U.S. v. Simmons,* 679 F.2d 1042, at 1050 (3d Cir. 1982) (recognizing that other crimes evidence may be admissible if offered for *any* non-propensity purpose, and identifying the need "to provide necessary background information" about the relationships among the players as a proper purpose).

In the same vein, Mayo's homicide conviction should also be admitted for the limited, non-propensity purpose of providing context for the defense witnesses' knowledge and motivation relative to their decisions related to his security level and housing.

## Conclusion

For all the above reasons, the Defendant requests that the Court grant his motion in limine, permitting Defendant to introduce the requested evidence at trial.

Respectfully submitted,

Office of General Counsel

Dated: February 1, 2024

/s/ Lindsey Bedell
Lindsey Bedell
Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MAYO, | : |
| | : Civil Action No. 18-cv-878 |
| Plaintiff, | : |
| | : |
| v. | : Judge Christopher C. Conner |
| | : |
| JOHN WETZEL, | : |
| | : |
| Defendant. | : Filed via Electronic Case Filing |

## CERTIFICATE OF SERVICE

I hereby certify that the within brief has been filed electronically and is available for viewing and downloading from the ECF system by counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

Dated: February 1, 2024

12