# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

18-cv-878

WILLIAM MAYO,

Plaintiff,

v.

JOHN WETZEL,

Defendant

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE: DAMAGES

Respectfully Submitted,

Office of General Counsel,

/s/ Lindsey Bedell
Lindsey Bedell, Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

/s/ Kelly J. Hoke
Kelly J. Hoke, Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Email: kelhoke@pa.gov

Date: February 1, 2024

# Table of Contents

Table of Authorities ................................................................................................ ii

Background…………………………………………………………………………1

Statement of the Issues Presented ...................................................................................1

Argument...........................................................................................................................1

Conclusion ........................................................................................................................7

# Table of Authorities

Cases

*Briggs v. Brockman*, 2021 WL 1212311 (M.D.Pa. March 31, 2021)………………2

*Brooks v. Smith*, 2007 WL 3275266 (M.D. Pa. Nov. 6, 2007)……………………4

*Cloud v. Goldberg*, 2000 WL 157159 (E.D. Pa. Feb. 14, 2000)…………………5

*Dillard v. Talamantes*, 2016 WL 7474803 (M.D. Pa. Dec. 29, 2016)……………6

*Dupree v. Doe*, 646 Fed. App'x 166 (3d Cir. 2016)…………………………………2

*Feld v. Merriam*, 485 A.2d 742 (Pa. 1984)…………………………………………6

*Hall v. Kenney*, 2020 WL 5407860 (E.D. Pa. September 9, 2020)…………………4

*In re Bayside Prison Litig.*, 2010 WL 4916716 (D.N.J. Nov. 23, 2010)……………3

*Knight v. Walton,* 2015 WL 9243902 (W.D. Pa. September 24, 2015)……………4

*Love v. Whitman,* 2021 WL 253999 (W.D. Pa. January 26, 2021)…………………3

*Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003)……………………………………2

*Mitchell v. Horn*, 2005 WL 1060658 (E.D. Pa., May 5, 2005)……………………2

*Phillips v. Cricket Lighters*, 883 A.2d 439 (Pa. 2005)……………………………5

*Powell v. Pennsylvania Dep't of Corr.*, 2019 WL 8510289 (M.D. Pa. July 15, 2019)…………………………………………………………………………………3

*Simpson v. Chester County Prison*, 2010 WL 3323119 (E.D. Pa. August 19, 2010)..4

*Smith v. Renaut*, 564 A.2d 188, 193 (Pa.Super.1989)………………………………5

*Smith v. Wade*, 461 U.S. 30 (1983)…………………………………………………5

*Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 741 (3d Cir. 1991)……………..5

*Watson v. Wingard*, 2018 WL 2108316 (W.D. Pa. Jan. 31, 2018)…………………4

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)……………………………5


Statute

42 USCS § 1997e………………………………………………………………………..2

## Background

Plaintiff, William Mayo ("Mayo"), is an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Phoenix. On April 23, 2018, he filed a complaint pursuant to 42 U.S.C. § 1983, alleging various claims stemming from his incarceration; the sole Defendant is former DOC Secretary, John Wetzel. *See Document No. 1.*

Following a partial grant of summary judgment, Mayo's Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims, remain. *See Document No. 59.* A jury trial is scheduled to commence on April 1, 2024.

## Statement of the Issues Presented[1]

1. Should Plaintiff be barred from requesting compensatory damages because he cannot establish the requisite physical injury?

2. Should Plaintiff be barred from requesting punitive damages because he has not alleged in the Complaint that Defendant's actions were malicious or wanton?

## Argument

**1. Plaintiff should be barred from requesting compensatory damages because he cannot establish the requisite physical injury.**

The Prison Litigation Reform Act ("PLRA") provides in part *"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other*

---

[1] It is respectfully suggested that the answers to the questions presented should be in the affirmative.

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 USCS § 1997e(e). The requirement to establish a physical injury only applies to claims for compensatory damages; it does not preclude recovery for nominal or punitive damages. *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003).

Accordingly, to recover compensatory damages, Mayo must establish not only that he suffered from a condition, but that the Defendant's actions made these conditions worse. Mayo cannot establish the Defendant's actions exacerbated any preexisting conditions or otherwise resulted in physical injury. *See Briggs v. Brockman*, 2021 WL 1212311, *17 (M.D.Pa. March 31, 2021) (finding the PLRA precluded recovery of compensatory damages where, "outside of Plaintiff's allegation in his complaint that he lost weight during a hunger strike in an attempt to manipulate treatment…the record before this Court is devoid of any physical injury whatsoever.").

To prevail and recover damages under § 1983 under a deliberate indifference theory, a plaintiff must prove that the defendant's actions were both the actual and the *proximate* cause of injury. *Dupree v. Doe*, 646 Fed. App'x 166, 170 (3d Cir. 2016) (per curiam). Furthermore, a "less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury" is required. *Mitchell,* 318 F.3d at 535-36; *see also, Mitchell v. Horn*, 2005 WL 1060658, at *1

(E.D. Pa., May 5, 2005) (on remand, the district court found that severe stomach aches, severe headaches, severe dehydration, loss of weight, severe itching, nausea, physical weakness and blurred vision were *de minimis* physical injuries); *Powell v. Pennsylvania Dep't of Corr.*, 2019 WL 8510289, \*9 (M.D. Pa. July 15, 2019), *report and recommendation adopted*, 2020 WL 1922639 (M.D. Pa. Apr. 21, 2020) (where plaintiff's alleged injury resulted from an incident where he fell and struck his head, following which he took Motrin and refused medical treatment, the court found his alleged injuries to be *de minimus*); *In re Bayside Prison Litig.*, 2010 WL 4916716, at \*3 (D.N.J. Nov. 23, 2010) (finding plaintiff's injuries were *de minimus* where he suffered "pain and swelling in his pinky finger for approximately two days" that did not result in any "significant restriction of his activities.").

Mayo fails to allege any facts to support a claim of physical injury in the Complaint. *See Document No. 1.* Thus, to the extent that Mayo seeks to establish injury based on his claims of mental or emotional injury as alleged in the Complaint—namely, that his conditions of confinement were not "conducive to Plaintiff's pre-existent mental impairment," caused him to have suicidal thoughts, and impacted his "mental stability"—such claims fall far short of the requisite physical injury. *See Love v. Whitman,* 2021 WL 253999, \*10 (W.D. Pa. January 26, 2021) (plaintiff failed to present evidence of more than *de minimus* injury to justify compensatory damages based on his claim that "because he was forced to remain in

3

administrative custody," he suffered injury in the form of insomnia, headaches, pain from being cold, and back pain resulting from lack of sleep and sleeping on hard surfaces), *citing Watson v. Wingard*, 2018 WL 2108316, at \*4 (W.D. Pa. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 2107773 (W.D. Pa. May 7, 2018), *aff'd*, 782 F. App'x 214 (3d Cir. 2019); *Hall v. Kenney*, 2020 WL 5407860, \*1; \*3, fn. 5 (E.D. Pa. September 9, 2020) (claims that the stress associated with the conditions of inmate's confinement caused him to lose sleep, have nightmares, experience chest pain, lost sex drive, lost weight, a skin rash and canker sores in his mouth, were insufficient to meet the PLRA's "more than de minimus" physical injury requirement); *Dillard v. Talamantes*, 2016 WL 7474803, at \*9 (M.D. Pa. Dec. 29, 2016) (plaintiff conceded he did not suffer any medical injuries as a result of alleged conduct and his vague allegations of physical injury did not allege a more than *de minimus* injury); *Knight v. Walton,* 2015 WL 9243902, \*2 (W.D. Pa. September 24, 2015) *report and recommendation adopted*, 2015 WL 9239003 (plaintiff alleged mental and emotional injuries following his placement in a restraint chair; the court found that his injuries, "if they existed at all, were *de minimus*," "resolved within sixteen days or less," and did not require treatment "beyond a pain reliever"); *Simpson v. Chester County Prison*, 2010 WL 3323119, \*6 (E.D. Pa. August 19, 2010) (precluding plaintiff's claims for compensatory damages for mental and emotional injuries, based on allegations he had trouble sleeping, became

depressed and suicidal); *Brooks v. Smith*, 2007 WL 3275266, at *2 (M.D. Pa. Nov. 6, 2007) (finding headaches from the stress of inmates confinement in a restrictive housing unit are a *de minimis* physical injury); *Cloud v. Goldberg*, 2000 WL 157159, at *5 (E.D. Pa. Feb. 14, 2000) (inmate's allegation that failure to treat a medical condition resulted in "depression, insomnia, and just being in a scary frame of mind" did not satisfy the physical injury requirement of the PLRA to justify compensatory damages).

Consequently, Mayo should be barred from seeking compensatory damages at trial.

2. **Plaintiff should be barred from requesting punitive damages because he has not alleged in the Complaint that Defendant's actions were malicious or wanton.**

As a preliminary matter, a plaintiff is barred from recovering punitive damages against a state official sued in his official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

A jury may assess punitive damages in a § 1983 action when the defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). "'[F]or punitive damages to be awarded there must be acts of *malice, vindictiveness and a wholly wanton disregard of the rights of others*.'" *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 741 (quoting *Smith v. Renaut*, 387

Pa.Super. 299, 564 A.2d 188, 193 (Pa. 1989) (emphasis added); *see also e.g., Phillips v. Cricket Lighters*, 883 A.2d 439, 446 (Pa. 2005) (citation omitted) ("Punitive damages...are not awarded to compensate the plaintiff for her damages but rather to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious."); *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984) ("The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.").

No such allegations were made here. The Complaint, which alleges nothing more than *prima facie* Eighth and Fourteenth Amendment claims, is devoid of any allegations that Defendant acted maliciously or wantonly towards Mayo. Nor is there any indication that Defendant's actions were prompted by ill will or spite, that he was aware of and consciously desired to violate Mayo's rights in a manner he knew to be unlawful, or that Defendant acted recklessly or callously with respect to Mayo.

As such, Mayo should be barred from requesting an award of punitive damages at trial.

## Conclusion

For all the above reasons, the Defendant requests that the Court grant his motion in limine, precluding the Plaintiff from introducing the above-indicated evidence at the time of trial.

Respectfully submitted,

Office of General Counsel

Dated: February 1, 2024

/s/ Lindsey Bedell
Lindsey Bedell
Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

| WILLIAM MAYO, | : | |
|---|---|---|
| | : | Civil Action No. 18-cv-878 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| JOHN WETZEL, | : | |
| | : | |
| Defendant. | : | Filed via Electronic Case Filing |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the within brief has been filed electronically and is available for viewing and downloading from the ECF system by counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

Dated: February 1, 2024