# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

18-cv-878

WILLIAM MAYO,

Plaintiff,

v.

JOHN WETZEL,

Defendant

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE: SETTLEMENT; GRIEVANCES/LAWSUITS; SOLITARY CONFINEMENT

Respectfully Submitted,
Office of General Counsel,

/s/ Lindsey Bedell
Lindsey Bedell, Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

/s/ Kelly J. Hoke
Kelly J. Hoke, Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

Date: February 1, 2024

# Table of Contents

Table of Authorities ........................................................................................ ii

Background………………………………………………………………………1

Statement of the Issues Presented ....................................................................1

Argument...........................................................................................................2

Conclusion .........................................................................................................9

## Table of Authorities

<u>Cases</u>

*Carter v. Hewitt*, 617 F.2d 961 (3d Cir. 1980)…………………………………...3, 7

*Douglas v. Jin*, 2014 WL 1117934 (W.D. Pa. March 20, 2014)…………………..4

*Goodman v. Pa. Turnpike Commission*, 293 F.3d 655 (3d Cir. 2002)…………...3, 7

*Shelton v. Bledsoe,* 2017 WL 2906560 (July 7, 2017)…………………………..4

*United States v. Sriyuth*, 98 F.3d 739 (3d Cir. 1996), *cert. denied*, 519 U.S. 1141 (1997)…………………………………………………………………………..3

## Background

Plaintiff, William Mayo ("Mayo"), is an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Phoenix. On April 23, 2018, he filed a complaint pursuant to 42 U.S.C. § 1983, alleging various claims stemming from his incarceration; the sole Defendant is former DOC Secretary, John Wetzel. *See Document No. 1.*

Following a partial grant of summary judgment, Mayo's Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims, remain. *See Document No. 59.* A jury trial is scheduled to commence on April 1, 2024.

## Statement of the Issues Presented[1]

1. Should Plaintiff be precluded from presenting any evidence concerning settlement discussions in this case?

2. Should Plaintiff be precluded from introducing evidence concerning grievances or lawsuits filed by other inmates regarding their placement on the RRL or the conditions of confinement on the IMU?

3. Should Plaintiff be precluded from utilizing the phrase "solitary confinement" to avoid confusing the jury and causing unfair prejudice to the Defendant?

---

[1] It is respectfully suggested that the answer to all questions presented should be in the affirmative.

**Argument**

1.  **Plaintiff should be precluded from presenting any evidence concerning prior settlement discussions in this case.**

Federal Rule of Evidence 408 "Compromise Offers and Negotiations," precludes the introduction of evidence of settlement discussion, stating in relevant part:

> (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed.R.Evid. 408.

Accordingly, Defendant submits that Mayo should be precluded from introducing any evidence or testimony regarding the settlement conference held on March 6, 2023 before Mediator Joe Barrett, or any other settlement discussions with Defendant's counsel.

2.  **Plaintiff should be precluded from introducing evidence concerning grievances or lawsuits filed by other inmates regarding their placement on the RRL or the conditions of confinement on the IMU.**

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid.

2

401. Generally, relevant evidence is admissible. Fed.R.Evid. 402; *United States v. Sriyuth*, 98 F.3d 739, 745 (3d Cir. 1996), *cert. denied*, 519 U.S. 1141 (1997). However, Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed.R.Evid. 403.

For purposes of Rule 403, "prejudice" does not simply mean damage to the opposing party's cause, but rather the prejudice must be unfair and substantially outweigh the probative value of the evidence. *Goodman v. Pa. Turnpike Commission*, 293 F.3d 655, 670 (3d Cir. 2002). Unfairly prejudicial evidence is defined as evidence which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980), *citing* Advisory Committee's Note to Rule 403.

Presently, Mayo should be prohibited from introducing evidence of grievances and lawsuits filed by other inmates regarding the Restricted Release List ("RRL") and the Intensive Management Unit ("IMU"). Defendant submits that the introduction of such evidence is not only irrelevant, but it is unduly prejudicial. Any prior grievances or lawsuits filed against a Defendant/witness are not relevant in this case. The admission of such evidence would be prejudicial to the Defendant because

3

the jury may believe Mayo's allegations based on the outcome in an unrelated matter in which another inmate filed a grievance or lawsuit against a Defendant/witness.

Moreover, the presentation of such evidence would serve to unnecessarily complicate the issue in the case at hand and confuse the jury. In essence, this would require the Defendant to not only defend against the present claims, but also to explain and defend actions in other matters that did not involve this plaintiff or his specific claims.

If Mayo is allowed to present prior instances of grievances or lawsuits, then in the interest of fairness, the Defendant/witness would need to be afforded an opportunity to explain the accusations and discuss the final resolution. Inevitably, this would result in a series of mini-trials, which would not add to the jury's understanding of the issues in the case before them. The introduction of such evidence would most certainly distract and derail the jury from the issues at hand.

Therefore, Mayo should be precluded from presenting any evidence concerning prior grievances or lawsuits by other individuals. *See Douglas v. Jin*, 2014 WL 1117934, *5 (W.D. Pa. March 20, 2014) (granting defendant's motion in limine to exclude evidence of other lawsuits against defendant); *Shelton v. Bledsoe,* 2017 WL 2906560, *4 (July 7, 2017) (excluding evidence of all previous lawsuits and complaints).

**3. Plaintiff should be precluded from utilizing the phrase "solitary confinement" to avoid confusing the jury and causing unfair prejudice to the Defendant.**

Evidence that is not relevant under Federal Rule of Evidence 401 is deemed inadmissible. Fed. R. Evid. 401. Relevance is determined by applying a two-part test. *Id.* The evidence must have "any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Id.* Evidence may be inadmissible where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the fact finder, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Absent any foundation, Mayo repeatedly used the phrase "solitary confinement" throughout his Complaint. *See Document No. 1.* As such, Defendant anticipates that he may continue to use this phrase at trial, when referring to the conditions of his confinement. Even with a proper foundation, any evidence that pertains to an idea of "solitary confinement," including the use of the term itself, should be excluded at trial.

The phrase "solitary confinement" has the tendency to invoke an image of an inmate housed alone in a completely isolated cell, which does not accurately reflect the conditions in restrictive housing within the Department. Various meanings are

attributed to this phrase in literature and as reported in the news,[2] of which jurors may have a general awareness. *See*, https://www.pbs.org/wgbh/frontline/article/what-does-solitary-confinement-do-to-your-mind/ (accessed Jan. 31, 2024) (solitary confinement includes inmates who are kept in a cell **23 hours** a day); https://www.medicalnewstoday.com/articles/solitary-confinement-effects (accessed Jan. 31, 2024) (solitary confinement is the physical isolation of inmates who are confined to their cells for **22.5 hours** or more daily); 117th Congress (2021-2022) H.R. 176 §4015(b)(2) (accessed https://www.congress.gov/bill/117th-congress/house-bill/176/text on Jan. 31, 2024) (solitary confinement means confinement in a cell alone or with other inmates for approximately **20 hours** or more per day).

In comparison, the DOC currently permits inmates to have a minimum of **one hour** out of cell time for five days a week during the first thirty days in restrictive housing, following which time inmates receive **three hours** of out of cell time seven days. *See* DC-ADM802, § 3(A)(6). https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/802%20Administrative%20Custody%20Procedures.pdf (accessed Jan. 31, 2024).

---

[2] The Court may take judicial notice of facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot be questioned. F.R.E. 201(b)(2).

Due to the varying cell sizes, levels of natural light flowing in the cells, levels of interaction with other inmates and staff, and time spent out of one's cell, it is not feasible to make blanket statements regarding such conditions in all institutions throughout the nation. To be sure, Mayo must fairly concede that he has been permitted varying hours of time outside of his cell that do not fit the above-indicated definitions of solitary confinement. Accordingly, permitting Mayo to utilize this term would permit a jury to assume that all circumstances of inmates held in "solitary confinement" are the same, when they are clearly not.

Furthermore, as highlighted in the articles cited above, the term solitary confinement has a negative connotation when discussed in the media and has been harshly criticized and viewed by advocacy groups. Insofar as it may reasonably be inferred that the jurors likely will have a general awareness of this negative connotation, the circumstances that apply to other inmates held in varying degrees of "solitary confinement," should not be attributed to Defendant's practices. Any association of the term with Defendant would be unfairly prejudicial to him. *See Goodman, Carter, supra.*

The Department places a limited number of inmates into "restricted housing" units (also referred to as "Level 5" housing units), when they cannot be safely housed in a general population setting. Accordingly, only the terms "restricted housing" or "Level 5 housing" should be used at trial. The use of these terms, with which all

7

parties involved are familiar and utilize on a regular basis, will eliminate the substantial prejudice that would otherwise result to the Defendant by being associated with the term "solitary confinement."

Therefore, the probative value of such evidence is substantially outweighed by a danger of confusing and misleading the jury and would be unfairly prejudicial to the Defendant. On this basis, Defendant seeks to exclude the term "solitary confinement" at trial and respectfully suggests that the parties be directed to use the terms "restricted housing" or "Level 5" housing units.

## **Conclusion**

For all the above reasons, the Defendant requests that the Court grant his motion in limine, precluding the Plaintiff from introducing the above-indicated evidence at time of trial.

Respectfully submitted,

Office of General Counsel

Dated: February 1, 2024

/s/ Lindsey Bedell
Lindsey Bedell
Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov


/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Email: kelhoke@pa.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MAYO,                                 :
                                              :    Civil Action No. 18-cv-878
    Plaintiff,                     :
                                              :
v.                                            :    Judge Christopher C. Conner
                                              :
JOHN WETZEL,                                  :
                                              :
    Defendant.                     :    Filed via Electronic Case Filing

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the within brief has been filed electronically and is available for viewing and downloading from the ECF system by counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

Dated: February 1, 2024