# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

18-cv-878

**WILLIAM MAYO,**
Plaintiff,

v.

**JOHN WETZEL,**
Defendant

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PRIVILEGED DOCUMENTS

Respectfully Submitted,

Office of General Counsel,

<u>/s/ Lindsey Bedell</u>
Lindsey Bedell, Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

<u>/s/ Kelly J. Hoke</u>
Kelly J. Hoke, Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Email: kelhoke@pa.gov

Date: February 1, 2024

# Table of Contents

Table of Authorities ................................................................................ ii

Background ........................................................................................... 1

Statement of the Issues Presented ...................................................... 3

Argument............................................................................................... 4

I.      Plaintiff should be barred at trial from introducing privileged documents that were inadvertently produced. ................................................. 4

      A.      The DOC took reasonable precautions to protect the disclosures. ............................................................................. 7

      B.      This was the only inadvertent disclosure out of thousands of pages produced. ............................................................... 7

      C.      The extent of the disclosure was minimal.................................. 8

      D.      Defendant acted promptly to rectify the disclosure. .................... 8

      E.      The overriding interests of justice would be served by relieving the Defendant of its error. ................................................. 8

II.     The documents should be excluded because they are not relevant to the claims or defenses of any party.......................................................... 9

Conclusion ........................................................................................... 11

Certificate of Non-Concurrence

Certificate of Service

<u>Table of Authorities</u>

<u>Cases</u>

*Fid. & Deposit Co. of Maryland v. McCulloch*,

    168 F.R.D. 516 (E.D. Pa. 1996) ...................................................................5

*Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, LLC.*,

    202 F.R.D. 418 (E.D. Pa. 2001) ...................................................................5

*Hickman v. Taylor*,

    329 U.S. 495 (1947)......................................................................................4

*In re Grand Jury Investigation*,

    599 F.2d 1224 (3d Cir. 1979) .......................................................................4

*In re Grand Jury Subpoena*,

    745 F.3d 681 (3d Cir. 2014) .........................................................................4

*In re* Grand Jury,

    821 F.2d 946 (3d Cir. 1987) .........................................................................5

*Johnson v. Wetzel*,

    2016 WL 4211719 (M.D. Pa. August 10, 2016) ...........................................9

*Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*,

    225 F.R.D. 120 (D.N.J. 2004) ......................................................................5

*Nicholas v. Gayter,* No. 2001/147-M/R.,

    2003 WL 23198845, 2003 U.S. Dist. LEXIS 24086 at *10 (D.C.V.I. May

    19, 2003) .......................................................................................................5

*NLRB v. Sears, Roebuck & Co.*,

    421 U.S. 132 (1975)......................................................................................5

*Redland Soccer Club, Inc. v. Dep't of the Army of the United States*,

    55 F.3d 827 (3d Cir. 1995) ...........................................................................5

*Sampson v. Sch. Dist. of Lancaster*,

    262 F.R.D. 469 (E.D. Pa. 2008) ......................................................................6

*Shaffer v. Pennsbury Sch. Dist.*,

    525 F. Supp. 3d 573 (E.D. Pa. 2021)...............................................................6

*United States v. AT&,*

    *T*, 642 F.2d 1285 (D.C. Cir.1980) ..................................................................4

*Westinghouse Elec. Corp. v. Republic of Philippines*,

    951 F.2d 1414 (3d Cir. 1991) .........................................................................4

## Statutes

42 U.S.C. § 1983 ................................................................................................1

## Rules

Fed. R. Civ. P. 26 ...........................................................................................4, 8

Fed. R. Evid. 403 .............................................................................................10

Federal Rule of Civil Procedure 26(b)(5)(B).................................................6, 8

Federal Rule of Evidence 401 ...........................................................................9

Federal Rule of Evidence 502(b) ...................................................................5, 6

## Other Authorities

*8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* § 2024
   (2nd ed. 1994)..................................................................................................4

## Background

Plaintiff, William Mayo ("Mayo"), is an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Phoenix. On April 23, 2018, he filed a complaint pursuant to 42 U.S.C. § 1983, alleging various claims stemming from his incarceration; the sole Defendant is former DOC Secretary, John Wetzel. *See Document No. 1.*

Following a partial grant of summary judgment, Mayo's Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims, remain. *See Document No. 59.* A jury trial is scheduled to commence on April 1, 2024.

In preparation for trial and pursuant to a confidentiality agreement, counsel for Defendant electronically produced thousands of pages of various records to counsel for Plaintiff. Some of those records contained copies of annual reviews that were conducted by executive level staff of the DOC to determine whether Plaintiff's placement on the Restricted Release List ("RRL") should continue for another year. These annual review packets are provided to the DOC Secretary, or his or her designee per policy, to render a decision. The annual review packets contain collections of records intended to provide the Secretary a synopsis of the inmate, and included information such as the inmate's incarceration history, misconduct history, a psychological evaluation, and reasons why staff believe placement on the RRL is

warranted. All the pages in the annual review packets were produced with a watermark containing the word "CONFIDENTIAL" marked across them.

The annual review completed in 2022 inadvertently contained two pages of communications that are at issue in this motion. The first page displays an internal memorandum and email communication between attorneys for the DOC.[1] The memorandum is clearly marked "CONFIDENTIAL; ATTORNEY-CLIENT PRIVILEGE; PLEASE DO NOT DISSEMINATE OUTSIDE OF THE DEPARTMENT" and is addressed by "Chief Counsel" to an "Assistant Counsel" on January 3, 2022. It references his last psychological evaluation and includes handwritten notes recommending his continued RRL placement.

The second page is an email chain by an Assistant Counsel for the DOC, seemingly sent to herself (any blind carbon copied recipients are not shown) each year, starting with Plaintiff's placement on the RRL in 2016, followed by a recommendation to continue his place each subsequent year through 2022. The last note by her in 2022 recommends continuing placement. The email chain is clearly marked at the bottom as "PRIVILEGED AND CONFIDENTIAL COMMUNICATION" and the sender's title is "Assistant Counsel".

---

[1] Defendant respectfully submits that, given the ample description herein, the document itself need not be reviewed for the Court to rule that it should be excluded at trial. However, the document will be shared with the Court for an *in camera* review upon request, and note that counsel for Plaintiff already has a copy, so it need not be filed on the public docket.

On August 31, 2023, via email, Plaintiff's counsel inquired as to whether two pages were privileged communications between attorney and client that were inadvertently disclosed. Defendant's counsel responded they were and asked for them to be deleted. Plaintiff's counsel refused and insisted he would "only delete them if ordered by the Court to do so."

Defendant filed a motion seeking to exclude the privileged documents at trial. This brief follows. For the reasons stated herein, the Court should exclude the use of the privileged communication at trial.

## Statement of the Issues Presented[2]

1. Should Plaintiff be barred from introducing privileged documents that were inadvertently produced?

2. Should Plaintiff be barred from introducing privileged documents because they are not relevant to the claims or defenses of any party?

## Argument

**I.     Plaintiff should be barred at trial from introducing privileged documents that were inadvertently produced.**

The Rules of Civil Procedure permit "discovery regarding any **nonprivileged** matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). The attorney-client privilege "protects from disclosure confidential communications made between attorneys and clients for the purpose of

---

[2] It is respectfully suggested that the answer to the questions presented should be in the affirmative.

obtaining or providing legal assistance to the client." *In re Grand Jury Subpoena*, 745 F.3d 681, 687 (3d Cir. 2014) (internal citation omitted). This privilege is construed narrowly. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991) (internal citations omitted).

The work-product doctrine protects attorneys' work product by enabling attorneys to prepare for potential litigation without fear that their work product will be used against their clients. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir.1980). This doctrine protects documents when, in light of the nature of the document and the factual situation, "the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *See 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* § 2024 (2nd ed. 1994) (*same language of earlier edition quoted with approval in In re Grand Jury Investigation*, 599 F.2d 1224, 1229 (3d Cir. 1979)). The party asserting a waiver of the work-product privilege has the burden of establishing waiver. *Maldonado v. New Jersey ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 132 (D.N.J. 2004) (citing *Nicholas v. Gayter,* No. 2001/147-M/R., 2003 WL 23198845 at *4, 2003 U.S. Dist. LEXIS 24086 at *10 (D.C.V.I. May 19, 2003) (*order vacated on other grounds by Nicholas v. Wyndham Intern., Inc.*, D. Virgin Islands, October 1, 2004); *Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, LLC.,* 202 F.R.D. 418, 423 (E.D. Pa. 2001)).

The deliberative process privilege authorizes the government to withhold documents that contain "confidential deliberations of law or policymaking, reflecting opinions, recommendations, or advice." *Redland Soccer Club, Inc. v. Dep't of the Army of the United States*, 55 F.3d 827, 853 (3d Cir. 1995) (quoting *In re* Grand Jury, 821 F.2d 946, 959 (3d Cir. 1987)). The purpose of this established privilege is "to prevent injury to the quality of agency decisions." *Id.* (*quoting NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)).

When privileged communications are inadvertently disclosed by an attorney, the privilege may be considered waived. *See* F.R.E. 502(b); *Fid. & Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 523 (E.D. Pa. 1996) ("while the attorney-client privilege belongs to the client, the attorney, acting as the client's agent, may be sufficiently negligent in protecting the privilege that it may be waived").

Inadvertent disclosures are governed by Federal Rule of Evidence 502(b), which states:

> [A] disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

F.R.E. 502(b). In light of this rule, district courts often weigh the following:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4)

any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be serviced by relieving the party of its errors.

*Shaffer v. Pennsbury Sch. Dist.*, 525 F. Supp. 3d 573, 578 (E.D. Pa. 2021) (internal citations omitted). Where a privilege would otherwise exist, but there is a contention that it was waived, "the party challenging the privileged communication" bears the burden of establishing waiver. *Sampson v. Sch. Dist. of Lancaster*, 262 F.R.D. 469, 478 (E.D. Pa. 2008).

Here, it is telling that counsel for Plaintiff acknowledged that the communications may be privileged. The documents are repeatedly marked as privileged and confidential and reflect the DOC's inclusion of legal counsel to deliberate in its decision-making process. Thus, it may not reasonably be disputed that these communications were subject to attorney-client privilege. Furthermore, these communications were deliberative in nature and protected attorney-work product.

A.    The DOC took reasonable precautions to protect the disclosures.

The production of these communications was an inadvertent oversight. It is clear that this privileged material should not have been disseminated to parties outside the DOC. Furthermore, it is evidence that the DOC intended to protect the documents and made reasonable efforts to do so.

When this civil action began, Plaintiff was *pro se*. Because of various security concerns, the RRL review documents were not produced to Plaintiff. Later, these documents were produced to his counsel, but only after counsel entered his appearance and the parties entered into a confidentiality agreement, preventing the disclosure of these and other documents to the public. Also, upon receiving notice by Plaintiff's counsel of the inadvertent disclosure of privileged communications, Defendant's counsel immediately requested that Plaintiff's counsel delete the documents. Therefore, this factor weighs in favor of protecting the disclosure.

B.      This was the only inadvertent disclosure out of thousands of pages produced.

The documents at issue consisted of merely two of out thousands of pages of documents that were produced simultaneously to counsel—these two pages were the only documents that were inadvertently disclosure. Accordingly, this factor also weighs in favor of protecting the disclosure.

C.      The extent of the disclosure was minimal.

The disclosure included two pages reflecting the input of counsel for only one annual review for Plaintiff's RRL placement. The disclosure did not include information pertaining to annual reviews from other years, or other inmates. Therefore, this factor weighs in favor of protecting the disclosure.

D.  Defendant acted promptly to rectify the disclosure.

F.R.C.P. 26(b)(5)(B) requires a party withholding a document as privileged to expressly make a claim of privilege and describe the nature of the documents. *See* F.R.C.P. 26 (b)(5)(B). Defendant immediately complied with all the necessary requirements of this rule[3] by expressly indicating the communication was privileged and immediately requesting that it be deleted. Plaintiff's counsel refused; therefore, Defendant filed the instant motion in advance of trial to prevent the introduction of the privileged communications at trial.

As such, this factor weighs in favor of protecting the disclosure.

E.  The overriding interests of justice would be served by relieving the Defendant of its error.

Given the rise of electronic discovery in recent years, and the corresponding rise in inadvertent disclosures, courts often impose "claw-back" orders at the start of discovery. *See, e.g.*, Rule 26(f) Report of the Parties template for the Western District of Pennsylvania, at ¶11(e) (https://www.pawd.uscourts.gov/sites/pawd/files/forms/Rule-26-f_LR23E.pdf, accessed February 1, 2024). Although one was not imposed in this case, which began with a *pro se* plaintiff, the willingness of courts to request whether the parties desire to enter into such orders, recognizes that inadvertent disclosures are becoming more

---

[3] There was no need for details of the nature of the message to be disclosed since the communications were already shared in their entirety to Plaintiff's counsel.

commonplace, and that courts are more inclined to forgive such errors. In fact, this Court previously denied a motion by an inmate seeking to use a privileged email circulated among DOC counsel that had been inadvertently disclosed during hearing preparations. *Johnson v. Wetzel*, 2016 WL 4211719, *1 (M.D. Pa. August 10, 2016) (Conner, C.J.).

For these reasons, the Court should find that all the factors weigh in favor of protecting the Defendant's inadvertently disclosed communications, and bar the Plaintiff from introducing them at trial.

## II. The documents should be excluded because they are not relevant to the claims or defenses of any party.

Evidence that is not relevant under Federal Rule of Evidence 401 is deemed inadmissible. Fed. R. Evid. 401. Relevance is determined by applying a two-part test. *Id.* The evidence must have "any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Id.* Evidence may be inadmissible where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the fact finder, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Here, the documents at issue pertain to an annual review that was completed in February 2022. The sole Defendant, John Wetzel, served as Secretary of the Department starting in 2011 and ending in October 2021. He did not make the final

decision regarding Plaintiff's continued placement on the RRL for the annual review that was completed in 2022. Instead, the final decision was made by George Little, the acting Secretary at the time. Defendant was not involved with the final decision-making process. Moreover, the privileged communications that are at issue here were written in January 2022, months after Defendant's departure.

Thus, Defendant has no connection to the privileged communications that were made after he left the DOC, and they are not relevant to the claims or defenses of any party. As such, they should be excluded as not relevant at trial.

**<u>Conclusion</u>**

For all the above reasons, the Defendant requests that the Court grant his motion in limine, precluding the Plaintiff from introducing the above-indicated evidence at time of trial.

Respectfully submitted,

Office of General Counsel

Dated: February 1, 2024

/s/ Lindsey Bedell
Lindsey Bedell
Assistant Counsel
Attorney I.D. No. 308158
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Email: lbedell@pa.gov

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7749
Email: kelhoke@pa.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MAYO,                          :
                                       :    Civil Action No. 18-cv-878
     Plaintiff,                       :
                                       :
v.                                     :    Judge Christopher C. Conner
                                       :
JOHN WETZEL,                           :
                                       :
     Defendant.                       :    Filed via Electronic Case Filing


## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Lindsey A. Bedell, hereby certify that counsel for Plaintiff was contacted and does not concur in the motion.


Respectfully submitted,

Office of General Counsel

Dated: February 1, 2024          /s/ Lindsey Bedell
                                 Lindsey Bedell
                                 Assistant Counsel
                                 Attorney I.D. No. 308158
                                 Pennsylvania Department of Corrections
                                 Office of Chief Counsel
                                 1920 Technology Parkway
                                 Mechanicsburg, PA 17050
                                 Email: lbedell@pa.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MAYO, : 
: Civil Action No. 18-cv-878
Plaintiff, :
:
v. : Judge Christopher C. Conner
:
JOHN WETZEL, :
:
Defendant. : Filed via Electronic Case Filing

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the within brief has been filed electronically and is available for viewing and downloading from the ECF system by counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

/s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Dated: February 1, 2024          Email: kelhoke@pa.gov